UNITED STATES of America, Appellee,

v.

Chad Allen BEERS, Appellant.

No. 96–1461.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1996.

Decided Aug. 14, 1996.

George L. Lucas, argued, Fayetteville, Arkansas, for appellant.

Steven N. Snyder, argued, Fort Smith, Arkansas (P.K. Holmes, III, United States Attorney, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSENBAUM,* District Judge.

ROSENBAUM, District Judge.

Chad Allen Beers was convicted of escape from federal custody, in violation of 18 U.S.C. § 751(a). The district court[1] imposed a sentence of 60 months, consecutive to any undischarged prior term of imprisonment; 3 years supervised release; and a $50.00 special assessment.

On appeal, Mr. Beers challenges his conviction, claiming the district court erred by not allowing his admittedly untimely notice of intent to use an insanity defense, pursuant to Rule 12.2(a) of the Federal Rules of Criminal Procedure ("Fed. R.Crim.P."), and by denying his motion for acquittal, pursuant to Fed. R.Crim.P. 29. We affirm.

I.

Chad Allen Beers was indicted on a charge of escaping from federal custody on August 30, 1994. At the time of the escape, he was confined in the Sebastian County Detention Center, an Arkansas county jail. His confinement was pursuant to an August 22, 1994, sentence imposed by Judge Hendren in a separate criminal action for kidnapping and interstate transportation of a stolen motor vehicle. The escape occurred while Mr. Beers was awaiting transfer to the Federal Correctional Institution in Leavenworth, Kansas.

On September 14, 1995, Mr. Beers was arraigned. The magistrate judge advised him of the pretrial motion schedule, and required that defense discovery motions be filed by September 24, 1995. The government had ten days to file responsive motions, and the defendant had ten days thereafter to reply. Trial was set for November 13, 1995.

On October 21, 1995, while in custody at the Washington County Detention Center in Fayetteville, Arkansas, Mr. Beers escaped again, but was apprehended. On November 1, 1995, Mr. Beers' counsel filed a notice of intent to use an insanity defense at trial, pursuant to Fed.R.Crim.P. 12.2(a), and a separate motion seeking a psychiatric evaluation. The notice of insanity defense was due October 14, 1995—30 days from the arraignment. It appears from the record, however, that the parties assumed October 20, 1995, was the date the notice was due. The Court need not determine which date was correct, because the untimely filing was made on November 1, 1995, well after either date.

On November 2, 1995, a magistrate judge conducted a hearing on defendant's motions. Apparently, Mr. Beers did not believe he was insane at the time of the August 30 escape, but reached this conclusion after his second escape on October 21. The magistrate determined that Mr. Beers had shown no change in competency from an earlier 1994 mental health examination, and denied his motion for a competency determination, pursuant to 18 U.S.C. § 4241(a). The magistrate judge permitted the untimely filing, however, and granted Mr. Beers' motion for a psychiatric evaluation. On November 3, 1995, ten days before trial, the district court reversed the magistrate judge's order, disallowing the untimely filing, denying the motion for a psychiatric examination, and instructing counsel that trial would proceed as scheduled.

The trial took one day. At the close of the government's case, Mr. Beers moved for acquittal, arguing that the government failed to prove he was in the custody of the Attorney General at the time of the escape—an essen-

1. he Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

tial element of the crime charged. The motion was denied, and the jury returned its guilty verdict.

## II.

Mr. Beers claims the district court erred in disallowing his insanity defense at trial. He argues he did not realize his insanity until after the pretrial motion deadline, which provides good cause for relief from the district court's pretrial motion deadline.

Fed.R.Crim.P. 12.2(a) provides:

If a defendant intends to rely upon the defense of insanity at the time of the alleged offense, the defendant shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk. If there is a failure to comply with the requirements of this subdivision, insanity may not be raised as a defense. The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate.

■ A district court may disallow an insanity defense or proffered expert testimony when a defendant fails to comply with the requirements of Rule 12.2(a). *United States v. Olson,* 576 F.2d. 1267, 1273 (8th Cir.1978), *cert. denied,* 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978). The Rule does, however, permit late filing for cause shown. We review the district court's determination to bar an untimely Rule 12.2 notice for abuse of discretion. *United States v. Cameron,* 907 F.2d. 1051, 1057 (11th Cir.1990); *United States v. Cox,* 826 F.2d. 1518, 1522–23 (6th Cir.1987), *cert. denied,* 484 U.S. 1028, 108 S.Ct. 756, 98 L.Ed.2d 768 (1988).

■ We find no abuse of discretion in this case. Counsel for Mr. Beers advised the Court that he did not intend to call an expert to testify as to his client's mental competence. The district court was familiar with Mr. Beers, having sentenced him in August, 1994, only days before his first escape. The district court was also aware that Mr. Beers sought to present an insanity defense in the spring of 1994 in a separate matter. A mental health examination was conducted at that time, and Mr. Beers was found competent. Notwithstanding this competency finding, the issue was presented to the jury. The jury rejected the insanity defense, and Mr. Beers was convicted.

This Court finds that the district court committed no error by disallowing the untimely insanity defense notice. The district court was well within its discretion when it declined to accept the proffered defense or allow it to delay trial.

## III.

■ Mr. Beers argues the United States failed to prove that he was in the custody of the Attorney General at the time of his August 30, 1994, escape. As custody is an essential element of the crime for which he was convicted, Mr. Beers claims he is entitled to the grant of his motion for judgment of acquittal, pursuant to Fed.R.Crim.P. 29. Mr. Beers is incorrect.

We have reviewed the trial transcript. The government offered proof that the defendant had been remanded to the custody of the U.S. Marshal following his August 22, 1994, sentencing and was in federal custody on the day of escape. Further, the jury was read Mr. Beers' own testimony from a separate proceeding in which he acknowledged under oath that he escaped while awaiting permanent transfer to a federal correctional institution. There was sufficient evidence upon which a jury could believe Mr. Beers was in federal custody at the time of his August 30, 1994, escape. The district court properly denied defendant's motion for acquittal.

## IV.

For the reasons stated, the district court is affirmed.