# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2460

———————

United States of America,    *
                             *
    Appellee,         *
                             *    Appeal from the United States
    v.                *    District Court for the
                             *    Western District of Missouri
Robert John Michael Baber,   *
                             *
    Appellant.        *

———————

Submitted: November 17, 1998

Filed: December 8, 1998

———————

Before McMILLIAN, FLOYD R. GIBSON and HANSEN, Circuit Judges.

———————

McMILLIAN, Circuit Judge.

Robert John Michael Baber appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri, after a jury trial, finding him guilty on one count of conspiracy to distribute 100 grams or more of methamphetamine, seven counts of distribution of methamphetamine, one count of distribution of cocaine, and one count of carrying a firearm during and in relation to a drug trafficking offense. Baber was sentenced to 97 months imprisonment on the drug trafficking offenses and

———————

[1]The Honorable H. Dean Whipple, United States District Judge for the Western District of Missouri.

a consecutive 60 months imprisonment on the firearm offense, five years of supervised release, and $1,000.00 in special assessments. United States v. Baber, No. 4:97CR00149-001 (W.D. Mo. May 22, 1998) (judgment). Jurisdiction was proper in the district court based on 18 U.S.C. § 3231. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

For reversal, Baber first argues that the district court erred in refusing to depart downward under the guidelines based on a theory of sentencing entrapment or sentencing manipulation. Baber maintains that law enforcement officers improperly engaged him undercover drug sales, well after achieving their legitimate investigative goals, for the sole purpose of "ratcheting up" his sentence under the guidelines. Brief for Appellant at 19 (citing United States v. Shepard, 4 F.3d 647, 649 (8th Cir. 1993) (discussing sentencing manipulation and entrapment), cert. denied, 510 U.S. 1203 (1994)). In particular, he contends that the officers had already ascertained the identities of his coconspirators and his source of supply on or before April 1, 1997, yet they continued to purchase drugs from him until August of 1997. Baber claims that, as a consequence, his base offense level was increased by two levels (without which his imprisonment range under the guidelines would have been 63 to 78 months).

It was Baber's burden to show that sentencing entrapment or sentencing manipulation occurred. United States v. Stavig, 80 F.3d 1241, 1245 (8th Cir. 1996). If it did occur, a downward departure would be warranted. Id. at 1246. Because the source of Baber's sentencing argument is the due process clause, "[t]his is not the usual case in which a defendant asks us to review an unreviewable failure to depart." Shepard, 4 F.3d at 649. We have carefully reviewed the record and the arguments on appeal and conclude that Baber has not shown that the officers engaged in the later drug transactions solely to enhance his potential sentence. To the contrary, the evidence supports the conclusion that the officers engaged in an ongoing series of drug purchases from Baber in an effort to gain his confidence and identify as many coconspirators as possible, as well as his source of supply. This court has recognized

that law enforcement officers "must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy." United States v. Calva, 979 F.2d 119, 123 (8th Cir. 1992); see also United States v. Barth, 990 F.2d 422, 424 (8th Cir. 1993) ("'courts should go very slowly before staking out rules that will deter government agents from the proper performance of their investigative duties'") (quoting United States v. Connell, 960 F.2d 191, 196 (1st Cir. 1992)).  Accordingly, we hold that the district court did not err in refusing to grant Baber a downward departure.

Baber also argues on appeal that he should have been granted judgment of acquittal on Count 11 of the indictment, charging him with using or carrying a firearm during and in relation to the drug trafficking offense, in violation of 18 U.S.C. § 924(c). Baber maintains that the government failed to present sufficient evidence to prove the offense because the government did not introduce the firearm into evidence.  We disagree.

The government presented evidence at trial that Baber had a firearm on his person during an undercover methamphetamine transaction that occurred on August 18, 1997.  The undercover detective to whom Baber sold the methamphetamine testified that she saw a firearm secreted in Baber's waistband during the transaction.  In the conversation between Baber and the undercover officer, which was captured on tape, Baber referred to the weapon as his "little Beretta" and indicated that he would shoot any police officers who might show up during the transaction. That evidence, when viewed in the light most favorable to the government, was sufficient to convince the jury beyond a reasonable doubt that Baber carried a firearm during and in relation to a drug trafficking offense.  Accordingly, the district court did not err in denying Baber's motion for judgment of acquittal.

The judgment of the district court is affirmed.  See 8th Cir. R. 47B.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.