# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2798

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * Appeal from the United States |
| | * District Court for the |
| v. | * District of South Dakota. |
| | * |
| Ernest McCloskey, Jr., | * |
| | * |
| Defendant - Appellant | * |

_____

Submitted: November 17, 1998
Filed: February 19, 1999

_____

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

JOHN R.GIBSON, Circuit Judge.

Ernest McCloskey was charged with striking his cousin Alan McCloskey with
an axe and was convicted of assault with a dangerous weapon in violation of 18
U.S.C. § 113(a)(3) (1994). He argues the district court erred in denying his motion
for judgment of acquittal based on the insufficiency of the evidence. We affirm.

On the evening of October 25, 1997, and the morning of October 26, 1997, Ernest McCloskey was visiting his cousin Alan McCloskey, whom we will refer to as Alan. Their visit soon turned into a fight. As a result, Alan sustained injuries to his arm and head. McCloskey was charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). He was tried and convicted of assault with a dangerous weapon.[1]

At trial, Alan testified that McCloskey and his girlfriend dropped by Alan's house unexpectedly. Alan and McCloskey began drinking. After some time, they got into an argument which led to a fight. After McCloskey and Alan scuffled inside the house, Alan's wife and McCloskey's girlfriend forced McCloskey outside the house. Once outside, McCloskey induced Alan to come outside by threatening to break his windows and by throwing an axe, acquired from a neighbor's woodpile, at Alan's house. McCloskey, again in possession of the axe, chased Alan to Tonia Farmer's house. With McCloskey close behind shouting, Alan circled Farmer's house and arrived at the porch, but could not get into the house. Trapped on the porch, Alan begged McCloskey not to hit him. McCloskey swung the axe at Alan, which Alan blocked with his arm. McCloskey then struck Alan with the axe on the head and legs.

Farmer testified that the ruckus outside awoke her, and from her window, she saw McCloskey strike Alan several times with an axe. In addition to Alan's and Farmer's testimony, other evidence indicated that McCloskey struck Alan with an axe. The doctor who examined Alan indicated that Alan's injuries, a broken arm and a deep head wound, were consistent with being hit with a sharp object, such as an axe. Moreover, circumstantial evidence indicated McCloskey hit Alan with an axe. Alan's neighbor testified that one of his axes was missing. Further, a paramedic testified that

---

[1]McCloskey was also convicted of assault by striking in violation of 18 U.S.C. § 113(a)(4), a lesser included offense of assault resulting in serious bodily injury.

he encountered McCloskey, who was fleeing the scene, and McCloskey attempted to deceive him by stating that he was Alan and that he had been hit with an axe.

McCloskey claims the evidence was insufficient because it does not support the required finding that a dangerous weapon was used in the assault, see 18 U.S.C. § 113(a)(3).  Specifically, he argues the evidence was insufficient because the axe was never found and because, had he used an axe in the assault, as the government alleged, Alan would have died.  We are unpersuaded.

In determining the sufficiency of the evidence, we must affirm the conviction, if after viewing the evidence in a light most favorable to the government and giving the government the benefit of all reasonable inferences that can be drawn from the evidence, we conclude that a reasonable jury could have found McCloskey guilty beyond a reasonable doubt.  See United States v. Jones, 990 F.2d 1047, 1048 (8th Cir. 1993), cert. denied, 510 U.S. 1048 (1994).  Conversely, we reverse a conviction on the basis of insufficient evidence only if the evidence is such that reasonably-minded jurors must have a reasonable doubt as to the existence of any essential elements of the offense. See United States v. Powell, 853 F.2d 601, 604 (8th Cir. 1988) (emphasis in the original).

Alan, who was McCloskey's cousin, and Farmer, an eyewitness, positively testified that McCloskey struck Alan with an axe.  The doctor stated that Alan's injuries were consistent with being hit by an axe.  Both direct and circumstantial evidence, which we have discussed above, showed that Alan had been hit with an axe. Considering all of this evidence, a reasonable jury could have concluded beyond a reasonable doubt that McCloskey struck Alan with an axe, delivering non-fatal blows, despite the fact that the axe was not entered into evidence.  See, e.g., United States v. Baber, 161 F.3d 531, 532 (8th Cir. 1998) (evidence sufficient to support a charge of carrying a firearm even though firearm not entered into evidence).  Likewise, in the face of the evidence, we could hardly say the jury must have had a

reasonable doubt that an axe was used simply because Alan did not die. Such a theory is overly broad; it does not account for factors such as the influence of alcohol on McCloskey and Alan's ability to defend himself. Further, it was unsupported at trial and was contradicted by eyewitness and expert testimony.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.