# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2884

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Gary Abernathy, | * | |
| | * | [TO BE PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 11, 2001

Filed: January 28, 2002

_____

Before LOKEN and BYE, Circuit Judges, and BOGUE,[1] District Judge.

_____

BYE, Circuit Judge.

Gary Abernathy appeals the judgment and sentence of the district court[2] following his conviction for possession of a firearm by a felon in violation of 18

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

U.S.C. § 922(g)(1). The district court sentenced Abernathy to 293 months imprisonment. We affirm the judgment and sentence.

I.

On July 15, 2000, an officer of the Johnson County, Missouri Sheriff's Department was dispatched to a residence regarding a domestic assault in progress involving a weapon. Upon arrival, the officer encountered Rebecca Abernathy (Abernathy's wife), Jerome Abernathy (Abernathy's son), and Robert Bialucha (Rebecca's son). Rebecca advised that Abernathy was on the front porch, and indicated he had threatened her, Jerome, and Robert with a .410-gauge shotgun. Abernathy was arrested.

Abernathy proceeded to trial and was convicted. Based on his prior convictions for assault, robbery and escape, the district court applied the penalty provisions of 18 U.S.C. § 924(e)[3] and sentenced Abernathy to 293 months imprisonment. On appeal, Abernathy advances four arguments: (1) the jury should have determined whether he had three previous violent felonies as defined in § 924(e); (2) there was insufficient evidence that he possessed the shotgun; (3) there was insufficient evidence of a connection between the firearm and interstate commerce; and (4) his conviction for escape does not constitute a violent felony under § 924(e). We will address each argument *seriatim*.

---

[3]18 U.S.C. § 924(e) states, "In the case of a person who violated section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . . ."

II.

Abernathy first argues his status as a recidivist with three previous violent offenses under 18 U.S.C. § 924(e) should have been submitted to the jury as an element of the offense under Apprendi v. New Jersey, 530 U.S. 466 (2000). Initially, we note Abernathy never requested that his three previous offenses be submitted to the jury for such a determination, nor did he object to the instructions that were given to the jury. Our review, therefore, is limited to plain error. United States v. Butler, 238 F.3d 1001, 1004 (8th Cir. 2001). Abernathy's argument fails because this issue is not an element of the offense, but is instead a sentencing matter under Almendarez-Torres v. United States, 523 U.S. 224 (1998). United States v. Campbell, 270 F.3d 702, 708 (8th Cir. 2001) ("This court has previously recognized that § 924(e) 'acts as a sentencing enhancement provision for individuals convicted of violating § 922(g).'") (citing United States v. Talley, 16 F.3d 972, 974 n.2 (8th Cir. 1994)); see United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001) (stating that Apprendi does not require the "fact" of prior convictions to be pleaded and proved to a jury).

Abernathy next argues there was insufficient evidence to support the conclusion he possessed the shotgun. He notes the government did not introduce the firearm into evidence at trial and contends the five witnesses who testified he possessed the .410 shotgun lacked credibility. We review the district court's denial of a motion for judgment of acquittal based upon sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict and "giv[ing] the government the benefit of all reasonable inferences that could logically be drawn from the evidence." United States v. Vig, 167 F.3d 443, 445 (8th Cir. 1999).

Here, the jury heard five individuals testify that Abernathy possessed the .410 shotgun, including Sam Shafer (the person who gave him the gun), Gordon Shafer (present when Abernathy received the gun), Jerome Abernathy and Robert Bialucha

(present when Abernathy received the gun and who were threatened by Abernathy with the gun), and Rebecca (who fought with Abernathy over the gun and was also threatened with it). The jury credited their testimony, see United States v. Rayl, 270 F.3d 709, 713 (8th Cir. 2001) (stating that the "issue of witness credibility is virtually unreviewable on appeal because it is preeminently the job of the finder of fact") (internal quotation and citation omitted), and as such there was ample proof Abernathy possessed the firearm, though the shotgun was not entered into evidence. See, e.g., United States v. Baber, 161 F.3d 531, 532 (8th Cir. 1998) (concluding that the evidence was sufficient to support a charge of carrying a firearm even though firearm not entered into evidence).

Abernathy also argues his felon-in-possession conviction is invalid because there was no proof of a connection between the firearm and interstate commerce. He argues the shotgun was not used in commerce and did not have any affect on interstate commerce. We disagree. The jury was specifically instructed to determine whether the firearm had been transported across a state line sometime prior to Abernathy's possession. Sam Shafer testified the firearm had been purchased by his grandfather through Sears Roebuck in 1946 or 1947 and its place of manufacture was Massachusetts, which was stamped on the barrel next to the name. A Special Agent of the Bureau of Alcohol, Tobacco and Firearms testified as an expert in firearm origin that the shotgun was manufactured in Chicopee Falls, Massachusetts. This evidence satisfies § 922(g)(1)'s interstate commerce nexus. See United States v. Rankin, 64 F.3d 338, 339 (8th Cir. 1995) (per curiam) (finding that the government's evidence that a sawed-off shotgun possessed by a felon in Missouri was manufactured in New York satisfied § 922(g)(1)'s interstate commerce nexus). Abernathy also challenges the constitutionality of § 922(g)(1). This argument is without merit. See United States v. Stuckey, 255 F.3d 528, 529-30 (8th Cir. 2001) (holding that § 922(g)(1) is a constitutional exercise of Congress's Commerce Clause power).

Last, Abernathy argues the district court erred in finding that his escape conviction constituted a crime of violence under 18 U.S.C. § 924(e), because he merely walked away from his place of incarceration.  We review *de novo* the district court's determination that a prior offense constitutes a crime of violence under 18 U.S.C. § 924(e).  United States v. Sumlin, 147 F.3d 763, 765 (8th Cir. 1998).

In United States v. Nation, we recently held that "every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others."  243 F.3d 467, 472 (8th Cir. 2001).  Nation then concluded categorically that escape is a crime of violence under U.S.S.G. § 4B1.2(a).  The language of § 4B1.2(a)(2) is identical to the language of § 924(e)(2)(B)(ii), in that both define a "crime of violence" and a "violent felony" as a crime that, among other things, "involves conduct that presents a serious potential risk of physical injury to another."  Compare U.S.S.G. § 4B1.2(a)(2), with 18 U.S.C. § 924 (e)(2)(B)(ii).  As a result, we believe that Abernathy's conviction for escape is a crime of violence under § 924(e)(2)(B)(ii).  See United States v. Springfield, 196 F.3d 1180, 1185 (10th Cir. 1999) (explaining that "under the [Armed Career Criminal Act, specifically 18 U.S.C. § 924(e)(2)(B)(ii)] and the United States Sentencing Guidelines, escape is always a violent crime. It is irrelevant whether the escape actually involved any violence or whether defendant was convicted under a state statute that defines escape as a nonviolent offense"); United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995) (concluding that felony escape from custody is a violent felony under section 924(e)(2)(B)(ii) because the crime "inherently presents the serious potential risk of physical injury to another").  We therefore affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-5-