# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1052

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Derrick D. Jones, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  September 10, 2002

Filed:  October 3, 2002

_____

Before WOLLMAN, HEANEY, and BYE, Circuit Judges.

_____

PER CURIAM.

Derrick Jones was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  The district court[1] determined Jones was subject to the armed career criminal provisions of 18 U.S.C. § 924(e)(1), and imposed a sentence of 293 months imprisonment followed by five years of supervised release. On appeal, Jones contends the district court committed three evidentiary errors, an

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

instructional error, and a sentencing error. We disagree, and affirm the judgment of conviction and sentence.

On June 26, 2001, two police officers in Kansas City, Missouri, responded to a phone call placed by Jones's girlfriend reporting a domestic assault. Jones, a convicted felon, was arrested after a police officer searched him and found seven rounds of ammunition in his pocket. In a written statement, Jones admitted he had unloaded his mother's gun earlier in the day and "put the bullets in my pocket by accident."

At trial, the district court allowed the prosecution to explain why Jones's girlfriend called the police. The district court also allowed the prosecution to introduce evidence regarding Jones's possession of his mother's gun on the day of the arrest. Finally, when Jones refused to stipulate to his status as a convicted felon, the district court allowed the prosecution to introduce certified court records of Jones's six prior felonies which revealed the specific name and nature of his past misdeeds (robbery, assault, attempted stealing by deceit, forgery, and theft of over $150). On appeal, Jones argues the district court abused its discretion on all three issues he presented.

At sentencing, the district court determined three of Jones's prior felonies qualified as "violent felon[ies]" under § 924(e). On appeal, Jones argues two of the three predicate felonies — two armed robberies of a grocery store and liquor store — should count as a single conviction because they took place on the same day. Jones also claims the issue of his armed career criminal status should have been submitted to the jury as an element of the offense, and that the district court erred when it failed to instruct the jury accordingly.

Reviewing each of Jones's claimed evidentiary errors for abuse of discretion, see United States v. Esparza, 291 F.3d 1052, 1054 (8th Cir. 2002), we reject them.

The prosecution was allowed to introduce evidence of the girlfriend's domestic assault phone call "to explain the circumstances surrounding the investigation and arrest of [the] defendant." United States v. Harris, 956 F.2d 177, 180 (8th Cir. 1992). The district court properly admitted evidence relating to Jones's possession of a weapon on the day of his arrest because that evidence helped explain why Jones had ammunition in his pocket. Cf. United States v. Tate, 821 F.2d 1328, 1332 (8th Cir. 1987) (allowing testimony of a shooting in prosecution of illegal possession of firearm because "[t]he contested evidence was probative of material elements of the charged offense and was closely connected with the entire criminal transaction"). Finally, even if we assume without deciding that the district court abused its discretion when it allowed evidence regarding the name and nature of Jones's multiple felony convictions, see Old Chief v. United States, 519 U.S. 172, 182-83 (1997) (suggesting a district court should restrict the government to the least prejudicial means of proving felon status under § 922(g)(1)); United States v. Jones, 266 F.3d 804, 811-12 (8th Cir. 2001) (finding no abuse of discretion where the government introduced evidence of five prior convictions without introducing the name or nature of the prior felonies), Jones loses because the evidence of his guilt was overwhelming. See United States v. Lawson, 173 F.3d 666, 669-70 (8th Cir. 1999) (applying the harmless error rule to an alleged violation of Old Chief).

Reviewing de novo the district court's determination that Jones's two prior convictions for armed robbery were separate criminal acts under § 924(e), see United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002), we conclude the district court was correct. See United States v. Gray, 85 F.3d 380, 381 (8th Cir. 1996) (holding that two burglaries committed on the same day at proximate residences constituted separate offenses for purposes of § 924(e)).

Finally, Jones failed to object to the district court's jury instructions, and so we review for plain error his claim that armed career criminal status is an element of the offense that should be submitted to the jury. See Abernathy, 277 F.3d at 1049.

-3-

Jones's argument has already been addressed and rejected by this court.  See id. at 1050 (holding that armed career criminal status is a sentencing matter and not an element of the offense).

The judgment of conviction and sentence are affirmed in all respects.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We deny as frivolous the motions Jones has filed pro se on appeal.