# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3413

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Phillip E. Boose, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 9, 2004

Filed:  March 25, 2004

_____

Before LOKEN, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Phillip Boose appeals his conviction for being a felon in possession of ammunition.  See 18 U.S.C. § 922(g)(1) (2000).  Boose claims the District Court[1] committed three separate errors that require the reversal of his conviction: 1) the refusal to submit to a jury the question of Boose's status as an armed career criminal

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

under 18 U.S.C. § 924(e), 2) the determination that Boose qualified as an armed career criminal, and 3) the refusal to suppress the ammunition found on Boose. We affirm.

Boose argues that the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), requires the question whether he is an armed career criminal to be submitted to a jury. This argument is a non-starter. As we have previously explained in United States v. Abernathy, 277 F.3d 1048, 1050 (8th Cir.), cert. denied, 535 U.S. 1089 (2002), criminal history under § 924(e) is not part of the offense charged, but is a sentencing matter that may be determined by the sentencing judge. See also United States v. Campbell, 270 F.3d 702, 707 (8th Cir. 2001) (same), cert. denied, 535 U.S. 946 (2002). Abernathy and Campbell represent the law of the circuit and as a three-judge panel, as distinguished from the Court en banc, we are not at liberty to overturn them. Thus, the District Court did not err in determining Boose's criminal history without submitting the question to a jury.

Next, Boose challenges the District Court's determination that he is an armed career criminal under § 924(e). On June 10, 19, and 23, 1999, Boose sold crack cocaine and was later convicted on three separate counts of selling a controlled substance. The state court handled all three counts under one case number and consolidated the proceedings. Boose argues that these three convictions should be treated as a single "criminal episode" rather than as separate convictions. This argument is unavailing. The law of this Circuit is clear that separate drug transactions constitute distinct criminal acts. Accordingly, Boose's convictions on each of these three counts were properly treated separately for purposes of § 924(e). United States v. Long, 320 F.3d 795, 801-02 (8th Cir. 2003), (citing United States v. McDile, 914 F.2d 1059, 1061 (8th Cir. 1990), cert. denied, 498 U.S. 1100 (1991)).

Finally, Boose claims that the ammunition found in his possession should have been suppressed because the search incident to his arrest violated the Fourth

Amendment. Boose fled his car on foot when Officer Bandler attempted to make a traffic stop. Boose made his way to the home of his cousin Joann Lagrone and hid underneath a bed, where shortly thereafter the police found him. Boose argues that the warrantless entry of his cousin's house violated his Fourth Amendment rights. We find this argument to be meritless. A visitor normally does not have the personal expectation of privacy necessary to assert a Fourth Amendment right. United States v. Sturgis, 238 F.3d 956, 958 (8th Cir.), cert. denied, 534 U.S. 880 (2001). Boose's tactic of hiding underneath a bed confirms that Boose had no expectation of privacy in his cousin's home. Any such expectation he may have had was not reasonable, inasmuch his only purpose in entering the home was to escape from the police. The fact that his cousin consented to his presence in the home does not extend her Fourth Amendment protections to Boose. Because we find that Boose had no reasonable expectation of privacy in his cousin's home, we need not reach the alternative reasoning of the District Court that the warrantless entry was justified by exigent circumstances. The ammunition found on Boose was properly admitted into evidence.

For the reasons stated, we affirm the judgment of the District Court.

_____