# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2268

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Larry Edward Stead, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: January 9, 2006
Filed: January 19, 2006

_____

Before BYE, HEANEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Larry Edward Stead appeals the district court's[1] ruling his prior walkaway escapes constituted crimes of violence and appeals his sentence as unreasonable.

Stead argues the district court erred in concluding his prior walkaway escape convictions were crimes of violence. He first argues the fact of his prior conviction must be admitted by him or proven beyond a reasonable doubt. This argument is

_____

[1]The Honorable Carol Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

devoid of merit.  See United States v. Booker, 125 S. Ct. 738, 756 (2005); United States v. Camp, 410 F.3 1042, 1047 (8th Cir. 2005) ("The fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt.").

Once a fact of prior conviction is determined, the district court must determine the legal question of whether the crime is one of violence.  Camp, 410 F.3d at 1047 (citing United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005)).  We have determined all escapes, including walkaway escapes, constitute crimes of violence.  United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002).  We may not overrule another panel's decision.  United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997).  Because we have determined categorically all escapes are crimes of violence, we need not look to the underlying facts of the conviction.  Abernathy, 277 F.3d at 1051.  Accordingly, the district court committed no error by concluding Stead's escapes were crimes of violence even when no violence was alleged in the indictment.

Stead argues his sentence was unreasonable because it does not account for the Parole Commission's possible imposition of a parole violator term of imprisonment. 28 C.F.R. § 2.36.  Stead argues his sentence is unreasonable because it is set to run consecutively to his undischarged term of imprisonment and would not begin to run until after he had served the potential parole violator term, thereby extending the time he must serve under the abolished parole system.

Stead acknowledged to the district court that United States Sentencing Guidelines (U.S.S.G.) § 5G1.3 applies to his walkaway escape convictions and mandates the imposition of a consecutive sentence.  Cf. United States v. Beers, 91 F.3d 1201 (8th Cir. 1996) (affirming application of consecutive sentence for conviction of escape from the custody of the Attorney General).  Stead, however, argues the district court should have departed downward to account for the parole violator term and to make the sentences run concurrently.  See United States v.

Whitehorse, 909 F.2d 316, 320 (8th Cir. 1990) (considering as a departure a district court's decision to impose a concurrent sentence rather than a consecutive sentence as required by the Guidelines). The district court acknowledged it had authority to depart by imposing a concurrent sentence, but thought "a concurrent sentence would not be appropriate; and that a consecutive sentence would be reasonable under the circumstances." Because the district court was aware of its authority to depart, we have no jurisdiction to review the district court's decision not to depart downward. United States v. Patten, 397 F.3d 1100, 1105 (8th Cir. 2005).

After calculating the proper Guideline range, the district court appropriately considered the factors enumerated in 18 U.S.C. § 3553(a). Upon review of the record, we conclude the ultimate sentence imposed by the district court was reasonable.

We therefore affirm the district court.

HEANEY, Circuit Judge, concurring.

As a circuit, we adhere to a fiction that the "crime of violence" enhancement can be applied categorically. As I have noted in my concurrence in United States v. Mohr, 407 F.3d 898, 902-04 (2005) (en banc), perhaps in the abstract this approach has an appeal. But as this principle is applied, our circuit has too broad an interpretation of what the guidelines mean when they state violent crimes include "conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(2). To my mind, our interpretation includes abstract possibilities that violence can theoretically occur, and terms it a "crime of violence." In crimes such as the burglary of a commercial building and car theft, we fail to consider the conduct underlying these convictions.

I suggest the crime of "escape" is similar. Escape can be as simple as failing to return on time to a work-release program, or as is the case in this matter, walking

away from a community treatment center. On the other hand, it can be a planned confrontation with police and/or prison security. Our current method of determining "crimes of violence" for the purposes of the guidelines focuses only on the potential for violence (which is present in almost every felony and misdemeanor) while failing to consider the gravity of the risk for violence involved in the particular facts of the offense.

Our panel is not at liberty to overturn the precedent set in United States v. Nation, 243 F.3d 467, 472-73 (8th Cir. 2001). This case illustrates our circuit's need to correct our missteps en banc, on how we evaluate "crimes of violence." Other circuits have indeed addressed this issue as it relates to burglaries. See, e.g., United States v. Wilson, 168 F.3d 916, 929 (6th Cir. 1999) (holding that while certain burglaries of a commercial building may qualify as crimes of violence, "the burglary of a non-dwelling is not a crime of violence per se under [the guidelines]"); United States v. Nelson, 143 F.3d 373, 374-75 (7th Cir. 1998) (declining to adopt a per se rule that burglaries of commercial buildings are crimes of violence); United States v. Harrison, 58 F.3d 115, 119 (4th Cir.1995) (declining to apply the career-offender enhancement when there was no evidence that predicate convictions involved burglaries of dwellings, since "under USSG § 4B1.2 only burglary of a dwelling constitutes a crime of violence"); United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995) ("By explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures."); United States v. Smith, 10 F.3d 724, 730-34 (10th Cir. 1993) (holding that burglary of a commercial office is not a crime of violence). Our failure to address how this circuit defines a "crime of violence" will result in significant sentencing disparities between us and the other circuits.

_____