PER CURIAM.
Larry Edward Stead appeals the district court’s[1] ruling his prior walkaway escapes constituted crimes of violence and appeals his sentence as unreasonable.
Stead argues the district court erred in concluding his prior walkaway escape convictions were crimes of violence. He first argues the fact of his prior conviction must be admitted by him or proven beyond a reasonable doubt. This argument is devoid of merit. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005); United States v. Camp, 410 F.3d 1042, 1047 (8th Cir.2005) (“The fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt.”).
Once a fact of prior conviction is determined, the district court must determine the legal question of whether the crime is one of violence. Camp, 410 F.3d at 1047 (citing United States v. Marcussen, 403 F.3d 982, 984 (8th Cir.2005)). We have determined all escapes, including walkaway escapes, constitute crimes of violence. United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir.2002). We may *680 not overrule another panel’s decision. United States v. Prior, 107 F.3d 654, 660 (8th Cir.1997). Because we have determined categorically all escapes are crimes of violence, we need not look to the underlying facts of the conviction. Abernathy, 277 F.3d at 1051. Accordingly, the district court committed no error by concluding Stead’s escapes were crimes of violence even when no violence was alleged in the indictment.
Stead argues his sentence was unreasonable because it does not account for the Parole Commission’s possible imposition of a parole violator term of imprisonment. 28 C.F.R. § 2.36. Stead argues his sentence is unreasonable because it is set to run consecutively to his undischarged term of imprisonment and would not begin to run until after he had served the potential parole violator term, thereby extending the time he must serve under the abolished parole system.
Stead acknowledged to the district court that United States Sentencing Guidelines (U.S.S.G.) § 5G1.3 applies to his walkaway escape convictions and mandates the imposition of a consecutive sentence. Cf United States v. Beers, 91 F.3d 1201 (8th Cir.1996) (affirming application of consecutive sentence for conviction of escape from the custody of the Attorney General). Stead, however, argues the district court should have departed downward to account for the parole violator term and to make the sentences run concurrently. See United States v. Whitehorse, 909 F.2d 316, 320 (8th Cir.1990) (considering as a departure a district court’s decision to impose a concurrent sentence rather than a consecutive sentence as required by the Guidelines). The district court acknowledged it had authority to depart by imposing a concurrent sentence, but thought “a concurrent sentence would not be appropriate; and that a consecutive sentence would be reasonable under the circumstances.” Because the district court was aware of its authority to depart, we have no jurisdiction to review the district court’s decision not to depart downward. United States v. Patten, 397 F.3d 1100, 1105 (8th Cir.2005).
After calculating the proper Guideline range, the district court appropriately considered the factors enumerated in 18 U.S.C. § 3553(a). Upon review of the record, we conclude the ultimate sentence imposed by the district court was reasonable.
We therefore affirm the district court.

. The Honorable Carol Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.