# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3276/3277

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Patrick Fitzgerald Ester, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 7, 2005
Filed: January 25, 2006

_____

Before BYE, McMILLIAN,[1] and RILEY, Circuit Judges.

_____

PER CURIAM.

Patrick Ester appeals from a final judgment entered in the District Court[2] for the District of Minnesota upon a jury verdict finding him guilty of six counts of distributing or aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. The district court sentenced Ester to 240 months imprisonment and 10 years supervised release. Because Ester was on supervised

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

release from a prior conviction when he committed these offenses, the district court revoked his release and entered a separate judgment sentencing him to a consecutive 37-month prison term. Ester appeals from that judgment as well. For reversal, Ester argues that (1) he was unreasonably seized in violation of his Fourth Amendment rights when he was arrested by law enforcement officers allegedly acting outside their geographical jurisdictions, (2) he was pre-selected and pre-targeted in violation of his Fifth Amendment due process rights, (3) his Sixth Amendment confrontation rights were violated because he was sentenced without an evidentiary hearing, (4) he received ineffective assistance of trial counsel, (5) the district court lacked subject matter and personal jurisdiction, and (6) he was denied a common law trial guaranteed under the Seventh Amendment. For the reasons stated below, we affirm.

The Fourth Amendment issue was not preserved in the district court and thus is reviewed for plain error. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005) (standard of review). Ester has not shown plain error because uncontroverted evidence in the record establishes that he was arrested in Minneapolis, Minnesota, by Minneapolis police officers, and the investigating officers acted within their broad investigative jurisdiction. (See Appellant's App. Ex. F2; Trial Tr. at 450, 494.)

Construing the due process argument in light of motions Ester made in the district court, we hold first that the court did not abuse its discretion in rejecting Ester's prosecutorial-vindictiveness argument because the present case rests upon allegations entirely different from those underlying a prior unsuccessful prosecution, and the mere fact that the prior case was dismissed does not objectively support an inference of vindictiveness. See United States v. Funchess, 422 F.3d 698, 701 (8th Cir. 2005) (standard of review); United States v. Campbell, 410 F.3d 456, 461-62 (8th Cir.) (defendant bears burden of producing objective evidence of vindictive motive; mere fact that prosecutor indicted defendant on additional count after new-trial motion was granted held insufficient to satisfy defendant's burden), cert. denied, 126 S. Ct. 492 (2005). Second, the district court did not clearly err in finding that Ester was

predisposed to commit the offenses, thus precluding him from receiving a downward departure based on sentencing entrapment. See United States v. Searcy, 284 F.3d 938, 942-44 (8th Cir. 2002) (defendant asserting sentencing entrapment bears burden to show by preponderance of evidence lack of predisposition to commit offense; reversing grant of defendant's departure motion where district court clearly erred in finding lack of predisposition, even though defendant had never sold crack cocaine before first sale to government informant and did not agree to first sale until after several conversations with informant); see also United States v. Baber, 161 F.3d 531, 532 (8th Cir. 1998) (denial of departure motion based on sentencing entrapment is reviewable because source of argument is Due Process Clause).

Regarding Ester's Sixth Amendment argument, we initially note that Ester mistakenly assumes he had a right of confrontation at sentencing, in reliance upon an overruled decision, United States v. Fortier, 911 F.2d 100, 103-04 (8th Cir. 1990) (reversing and remanding on ground that right to confront witnesses was violated at sentencing), overruled by United States v. Wise, 976 F.2d 393, 401 (8th Cir. 1992) (en banc) (right to confront witnesses does not attach at sentencing hearing), cert. denied 507 U.S. 989 (1993). The determination whether to hold an evidentiary hearing at sentencing is within the district court's sound discretion, see Wise, 976 F.2d at 404, and we hold that the court did not abuse its discretion in denying Ester's evidentiary-hearing request because no disputed facts in the presentence report (PSR) were taken into account at sentencing, see United States v. Morehead, 375 F.3d 677, 679 (8th Cir. 2004) (when defendant disputes material fact in PSR, sentencing court must either hold evidentiary hearing or not take disputed fact into account).

We decline to consider Ester's ineffective-assistance argument because this is not an exceptional case warranting such consideration on direct appeal. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005). We have considered Ester's remaining arguments on appeal and find them to be wholly without merit.

Accordingly, the judgments of the district court are affirmed. As to the pending motions, we grant Ester's motion to supplement the record and reply brief, deny Ester's motion for oral argument, deny the government's motion to supplement the record, and dismiss as moot Ester's motion to strike.

_____