# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2180

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ronnie Delvon Adams, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 2005
Filed: March 23, 2006

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Ronnie Delvon Adams (Adams) appeals the district court's[1] decision to sentence him as an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). We affirm.

## I.    DISCUSSION

The ACCA provides a sentence enhancement for individuals who have at least three prior convictions for a "violent felony." Id. The ACCA defines a "violent

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that–(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The district court sentenced Adams as an armed career criminal because he has prior convictions for (1) tampering with a motor vehicle, in violation of Mo. Rev. Stat. § 569.080.1(2); (2) failure to return to confinement, in violation of Mo. Rev. Stat. § 575.220; and (3) two second-degree assaults. Adams does not challenge that his two assault convictions constitute violent felonies under the ACCA, but he maintains his prior convictions for tampering with a motor vehicle and failure to return to confinement are not violent felonies under the ACCA.

### A. Tampering With a Motor Vehicle

Following our recent en banc decision in United States v. McCall, ___ F.3d ___, 2006 WL 625687 (8th Cir. March 15, 2006)], when determining whether a prior conviction is a violent felony within the meaning of the "otherwise involves" provision in § 924(e)(2)(B)(ii), we "first determine whether the elements of that prior crime involved or described conduct that necessarily entails a serious potential risk of physical injury" to another. Id. at *2 (internal quotation omitted). In Missouri, a person commits the crime of tampering with a motor vehicle if "[h]e or she knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile . . . without the consent of the owner thereof." Mo. Rev. Stat. §569.080.1(2). In United States v. Johnson, 417 F.3d 990, 997-99 (8th Cir. 2005), we analyzed whether this offense is a violent felony for purposes of the ACCA. We compared the offense of tampering by possession to tampering by operation, and reasoned "tampering by operation represents an escalated, and more dangerous, form of tampering by possession." Johnson, 417 F.3d at 998. Under Missouri law, "[t]ampering by possession . . . differs from tampering by operation in that the former offense merely requires a defendant to enter an automobile in a manner consistent with possession while the latter offense requires a defendant to start the automobile's

engine." Id. We went on to hold "the risks associated with tampering by operation are sufficient to warrant classifying it as a violent felony." Id. at 999.

Because the Missouri crime of tampering with a motor vehicle is "overinclusive" in that tampering by operation involves conduct that presents a serious potential risk of physical injury to another, while tampering by possession does not, we next look to the judicial record to determine whether Adams's conduct involved tampering by operation. See McCall, 2006 WL 625687, at *5-6 (noting the judicial record review is limited by Taylor v. United States, 495 U.S. 575, 602 (1990), and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1263 (2005)). According to the charging document introduced with the government's sentencing memorandum in the case at bar, Adams "knowingly and without the consent of the owner unlawfully operated an automobile." Because Adams's conduct involved tampering by operation, we hold the district court did not err in concluding Adams's conviction qualified as a violent felony predicate offense under the ACCA. See Johnson, 417 F.3d at 997-99.

### B.    Failure to Return to Confinement

In Missouri, a person commits the crime of failure to return to confinement if, "while serving [a] sentence for any crime wherein he is temporarily permitted to go at large without guard, he purposely fails to return to confinement when he is required to do so." Mo. Rev. Stat. § 575.220.1. In United States v. Abernathy, 277 F.3d 1048 (8th Cir. 2002), we held "walkaway" escape constitutes a violent felony under the ACCA. Id. at 1051 (relying on United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001), which held a "walkaway" escape is a crime of violence under U.S.S.G. § 4B1.2(a)). We see no material distinction between "walkaway" escape and failure to return to confinement. See United States v. Maddox, 388 F.3d 1356, 1368-69 (10th Cir. 2004) (relying on precedent holding escape is a violent felony for purposes of the ACCA and rejecting defendant's argument that "failure to return [to prison] from the work-release program does not constitute a violent felony"), cert. denied, 125 S. Ct. 1689 (2005); cf. United States v. Winn, 364 F.3d 7, 12 (1st Cir. 2004) (holding

"failure to return from a break at a halfway house" constitutes a "crime of violence" under U.S.S.G. § 4B1.2(a)(2)); United States v. Bryant, 310 F.3d 550, 553-54 (7th Cir. 2002) (holding same with regard to "failure to return to a halfway house after being absent with permission").[2] We therefore hold the district court did not err in concluding Adams's conviction for failure to return to confinement qualified as a violent felony predicate offense under the ACCA.

## II.    CONCLUSION

For the reasons stated, we affirm Adams's sentence.

_____

_____

[2]Although not necessarily controlling, we generally apply cases construing what is a "crime of violence" under U.S.S.G. § 4B1.2 when determining what is a "violent felony" under the ACCA. See United States v. Levering, 431 F.3d 289, 294 (8th Cir. 2005).