# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3376

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Christopher Haney, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: February 15, 2006
Filed: April 5, 2006

———————

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

———————

PER CURIAM.

After Christopher Haney reportedly flourished a weapon, police arrested him and found a 9mm handgun in his possession. The Government charged Haney with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Haney pleaded guilty and the district court[*] sentenced him to the minimum 180 months in prison under 18 U.S.C. § 924(e) (any person who violates § 922(g) and has at least three earlier violent felony convictions shall be imprisoned for not less than fifteen years). On appeal, Haney contends he does not qualify for sentencing under § 924(e)

———————

[*]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

because his Missouri conviction for failure to return to confinement in violation of Mo. Rev. Stat. § 575.220 should not qualify as a violent felony.

Section 924(e)(2)(b) defines a violent felony as any crime punishable by more than a year in prison that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." A "violent felony within the meaning of § 924(e)(2)(B)(ii) includes any crime whose elements involve conduct that necessarily presents a serious potential risk of physical injury to another." United States v. McCall, No. 04-1143, 2006 WL 625687, at *3 (8th Cir. Mar. 15, 2006) (en banc). We generally look only to the fact of conviction and the earlier offense's statutory definition. Id. at *2.

Missouri defines the crime of failing to return to confinement as occurring when (1) a defendant is serving a sentence, (2) the sentence temporarily permits the defendant to go at large without a guard, and (3) the defendant purposefully fails to return to confinement when required. Mo. Rev. Stat. § 575.220.1. We have already held that all escapes, including walkaway escapes, are crimes of violence. United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002). This is so because "[e]ven the most peaceful escape cannot eliminate the potential for violent conflict when the authorities attempt to recapture the escapee." United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001). The offense carries the inherent potential for harm to someone. See McCall, 2006 WL 625687, at *3. We recently held there is no material distinction between a walkaway escape and a failure to return to confinement as defined in Mo. Rev. Stat. 575.220.1. United States v. Adams, No. 05-2180, 2006 WL 721793, at *2 (8th Cir. Mar. 23, 2006). We are bound by our earlier decisions, and lack authority as a panel to overrule them. United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997).

Because the district court properly concluded Haney's conviction for failure to return to confinement qualified as an earlier violent felony under § 924(e), we affirm Haney's sentence.

———————————————