# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3991

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| John Peter Spudich, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | PUBLISHED |

_____

Submitted: April 6, 2006
Filed:  April 11, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John Peter Spudich pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the district court found that Spudich's two prior Missouri felony driving-while-intoxicated (DWI) convictions were crimes of violence, and Spudich was thus subject to an increased base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  The court applied a 3-level reduction for acceptance of responsibility for a total offense level of 21, and calculated a Category III criminal history, which yielded a Guidelines imprisonment range of 46-57 months. The court overruled Spudich's objections based on Blakely v. Washington, 542 U.S. 296 (2004), and sentenced him to 50 months in prison and 3 years supervised release.

Spudich appeals, arguing that (1) his two Missouri felony DWI convictions are not crimes of violence for purposes of section 2K2.1(a)(2); (2) the district court violated his Sixth Amendment rights in determining that the convictions were crimes of violence; and (3) the case should be remanded for resentencing under advisory Guidelines as provided in United States v. Booker, 543 U.S. 220 (2005). We vacate Spudich's sentence and remand for resentencing.

We review the district court's application of the Guidelines de novo. See United States v. Lindquist, 421 F.3d 751, 753 (8th Cir. 2005). We have held recently that *driving* while intoxicated is a "violent felony" for purposes of 18 U.S.C. § 924(e), but that some forms of driving while intoxicated in Missouri, which involve non-driving conduct, are not violent felonies. See United States v. McCall, 439 F.3d 967, 972-73 (8th Cir. 2006) (en banc). The definition of "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2) is nearly identical to the definition of "violent felony" considered in McCall, and we generally apply the same analysis to both terms. See United States v. Adams, No. 05-2180, 2006 WL 721793, at *2 n.2 (8th Cir. Mar. 23, 2006).

The presentence report in this case recites the fact of Spudich's two Missouri felony DWI convictions, but does not provide sufficient information from acceptable sources to determine whether a jury was required to find, or a guilty plea necessarily rested on the fact, that Spudich was *driving* while intoxicated. McCall, 439 F.3d at 973. Spudich objected to the district court's findings that the DWI convictions were "crimes of violence" for purposes of USSG § 2K2.1, and we have held that this is sufficient to preserve an argument concerning whether the defendant's convictions necessarily rested on a finding that he was driving. McCall, 439 F.3d at 974. Under the circumstances, we are unable to determine whether the disputed convictions involved crimes of violence, and we remand for further sentencing proceedings at which the government may introduce evidence as to whether the DWI convictions rested on the fact that Spudich was driving while intoxicated. Id.

As to Spudich's remaining arguments, the district court did not violate the Sixth Amendment by making determinations relevant to Spudich's prior felony convictions, see United States v. Levering, 431 F.3d 289, 295 (8th Cir. 2005), and because we remand for resentencing on other grounds, we need not address the district court's application of mandatory Guidelines, see United States v. Borer, 412 F.3d 987, 995 (8th Cir. 2005) (remanding for resentencing due to incorrect application of Guidelines; directing district court to resentence defendant in light of Booker).

Accordingly, we remand for resentencing consistent with this opinion and Booker. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005).

_____