# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2134

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| William McCoy, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellant. | * |

_____

Submitted: April 9, 2007
Filed: April 17, 2007

_____

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

William McCoy pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Finding that McCoy qualified for the sentence enhancement provided in the Armed Career Criminal Act (ACCA), the district court[1] sentenced him to 188 months in prison. See 18 U.S. C. § 924(e)(1) (defendant who violates § 922(g)(1) and has 3 prior convictions for violent felonies is subject to 15-year minimum sentence). On appeal, McCoy challenges the sentence enhancement under the ACCA, arguing that the court erred in finding that his two

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

tampering convictions in Missouri were separate criminal episodes and violent felonies.

We review a district court's factual interpretations for clear error and its legal conclusions de novo. See United States v. Turner, 431 F.3d 332, 337 (8th Cir. 2005), cert. denied, 126 S. Ct. 2345 (2006). "To qualify as predicate offenses under the [ACCA], each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct." United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002). Although McCoy's tampering convictions involved the same victim (Springfield Auto Auction), we conclude that the underlying criminal activity--cutting a hole in a parking lot fence, stealing a car, and abandoning it, then returning the next day through the same hole in the fence and stealing a truck--amounted to two discrete criminal episodes. Cf. United States v. Washington, 898 F.2d 439, 442 (5th Cir. 1990) (two robberies committed against same convenience-store clerk within hours were separate criminal episodes, and not crime spree). We further conclude that McCoy's convictions for tampering constitute violent felonies under section 924(e). See United States v. Adams, 442 F.3d 645, 647 (8th Cir. 2006) (under controlling precedent, Missouri conviction for tampering with motor vehicle by operation qualifies as violent felony within meaning of § 924(e)), petition for cert. filed, (U.S. Sept. 13, 2006 ) (No. 06-6541); United States v. Johnson, 471 F.3d 990, 999 (8th Cir. 2005).

Accordingly, we affirm.

_____