**UNITED STATES of America, Appellee,**

v.

**Joseph Patrick TAPIO, Jr., Appellant.**

**No. 80–1575.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 5, 1980.

Decided Nov. 13, 1980.

Appeal from the United States District Court for the District of South Dakota. Hon. Donald James Porter U.S.D.C., Judge.

Max A. Gors, Pierre, S. D., for appellant, Joseph Patrick Tapio, Jr.

Terry L. Pechota, U. S. Atty., Sioux Falls, S. D., David L. Zuercher, Asst. U. S. Atty., Pierre, S. D., for appellee.

Before LAY, Chief Judge, HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

Joseph Patrick Tapio appeals his conviction of escape in violation of 18 U.S.C. §§ 751(a) and 4082(d). His appeal focuses on whether the evidence was sufficient to support a finding by the jury that Tapio had specific intent to escape. We hold that the evidence was sufficient, and affirm the conviction.

Tapio, who had been committed to the custody of the Attorney General upon conviction of a felony, was confined in the Halfway House in Watertown, South Dakota. On March 8, 1980, Tapio left the Halfway House on a one–day pass to visit his wife,[1] and stayed with her at the Cheyenne River Indian Reservation for two weeks. On March 21, 1980, he was arrested by tribal police, and was turned over to the United States Marshal. Tapio alleges that he did not intend to escape, and that the government failed to prove specific intent to escape as required by 18 U.S.C. § 751.

---

1. There was conflicting evidence as to whether Tapio had a one–day pass to leave the institution overnight. We will assume for the pur- poses of this opinion that he did, although the evidence was sufficient to support a finding that he did not.

■ We first observe that specific intent is not an element of the offense of escape under section 751. In *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 633, 62 L.Ed.2d 575 (1980), the Supreme Court held that the government need not prove that the escapee acted with the purpose—the conscious objective—of leaving the place of his confinement without authorization; it need only prove that the escapee knew his actions would result in his leaving physical confinement without permission. Where, as here, the act of escape is the escapee's failure to return as required after an authorized departure from the institution, the government must prove that the escapee knew his actions would result in his failure to return at the time designated.

However, in this case the court instructed the jury that it must find specific intent. The indictment charged Tapio with willfully failing to remain within the extended limits of his confinement and to return within the prescribed time. The court instructed the jury that

An act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

. . . . .

In other words, in this case the Government must prove beyond a reasonable doubt that the defendant specifically intended to escape voluntarily and intentionally, purposely disobeying or disregarding the law.

■ Where willfulness is alleged in the indictment, it has been held that a court does not err in instructing the jury that it must find specific intent to escape. *United States v. Woodring*, 464 F.2d 1248, 1251 (10th Cir. 1972). Where such an instruction is given, specific intent as an element of escape becomes the law of the case. *Id.* *United States v. Cluck*, 542 F.2d 728, 731 n.2 (8th Cir.), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 597 (1976); *United States v. Spletzer*, 535 F.2d 950, 954 (5th Cir. 1976).

■ Proof of specific intent requires a showing of a "voluntary departure or absence from custody with an intent to avoid confinement." *Id.* *United States v. Nix*, 501 F.2d 516, 517 (7th Cir. 1974). Furthermore, as this court held in *United States v. Cluck, supra*, 542 F.2d at 732

[T]he government need not prove the existence of unlawful intent at the moment at which a prisoner or convict departs from custody. Even if such a person leaves his place of confinement involuntarily or inadvertently, nevertheless if at a later time he voluntarily forms an intent to remain at large and acts upon it, that is sufficient to sustain a conviction of escape.

Hence, the evidence, construed in the light most favorable to the government, was that Tapio had not been authorized to remain outside the confines of Halfway House for a two week period, and knew that he did not have such authorization. Tapio testified that he had a one night pass, but that he did not return to the Halfway House because he and his wife had been apart for a long time and he wanted to be with her. Furthermore, Tapio never telephoned or contacted personnel at the Halfway House to inform them of his whereabouts. Steve Turchek, an inspector with the United States Marshal Service, testified that he questioned Tapio after his arrest for escape, and that Tapio stated he felt the authorities would be looking for him, since he had not returned to Halfway House after his pass had expired.

■ This evidence is sufficient to support a jury's conclusion that Tapio formed an intent to remain at large after his pass had expired, and acted upon that intent. Tapio also contends that the trial court erred in refusing to admit evidence that he left the Halfway House because of concern for his wife, who was eight months pregnant and hospitalized.

■ The court's error, if any,[2] in excluding the evidence was harmless. Several of

2. The district court ruled that the reason Tapio failed to return to the Halfway House was

irrelevant, so long as he intended to remain away against the rules. Tapio alleges the evi-

the witnesses testified that Tapio left because he was concerned about his wife's health and expected baby. The excluded testimony was merely cumulative.

JUDGMENT AFFIRMED.

dence was admissible to show that he lacked the specific intent necessary to commit the crime. We fail to understand Tapio's argument. The impact of the excluded evidence appears to be in favor of the government on the issue of specific intent.