# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1603

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jason Jerrel Ausler, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 14, 2004
Filed: January 26, 2005

_____

Before LOKEN, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

Arkansas highway patrol officers stopped Jason Ausler's automobile after the officers observed him speeding and weaving. During the stop, the officers discovered seven kilogram-sized "bricks" of powder cocaine on the front passenger-side floorboard. At a federal laboratory, a forensic chemist determined that the seven packages contained 6,805 grams of powder cocaine. He also found 30.7 grams of crack cocaine tucked inside one or two of the bricks. Ausler was charged with two counts of violating 21 U.S.C. § 841(a)(1). Count One alleged that he "knowingly and intentionally possessed with intent to distribute . . . [powder] cocaine." Count Two alleged that he "knowingly and intentionally possessed with intent to distribute . . .

cocaine base, also known as crack cocaine." A jury convicted Ausler of both counts. The district court[1] sentenced him to concurrent terms of 480 months in prison on each count. Ausler appeals, arguing there was insufficient evidence that he knowingly possessed crack cocaine. We affirm.

At trial, the patrol officers testified to finding the seven packages partially covered by a sweatshirt but otherwise in plain view. They also testified that Ausler was the sole occupant of the rented automobile and that he was observed leaning over to the passenger side before being stopped. After the stop, Ausler could not produce a driver's license, identified himself as the person who rented the auto but misspelled the name, and gave a driver's license number that proved to be false. After his arrest, Ausler said to one of the officers, "If I had to do it all over again, I'd have done it different." Regarding the crack cocaine hidden inside one or two of the bricks, a forensic chemist testified that he cut into those bricks after noticing "obvious lump[s]" and found a separate, smaller plastic-wrapped package of crack. The chemist further testified that, in his experience analyzing hundreds of controlled substances, it is "not unheard of" to find smaller packets of crack packaged inside bricks of powder cocaine. The defense presented no witnesses or other evidence; indeed, Ausler so disrupted the trial proceedings that he was eventually removed from the courtroom.

The district court instructed the jury that it could convict Ausler on Count Two if the government proved beyond a reasonable doubt that he "intended to be in possession of cocaine base, also known as crack cocaine." During deliberations, the jury sent a note asking to hear the forensic chemist's testimony again. The court assembled the jury in open court, and the court reporter read the chemist's testimony.

---

[1]The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas. To our great regret, Judge Reasoner passed away on August 14, 2004, after a long illness.

In a second note, the jury asked whether it could "reach a verdict on one count but be hung on the other." The court answered that question in the affirmative. One-half hour later, the jury returned a guilty verdict on both counts.

Ausler does not appeal his conviction for knowingly possessing with intent to distribute five kilograms or more of powder cocaine. But he does challenge his conviction on Count Two, arguing that the government failed to prove that he knew the bricks of powder cocaine contained one or more smaller packages of crack cocaine. Our standard of review is narrow: "On appeal, we view the evidence and all reasonable inferences therefrom in the light most favorable to the jury's verdict. We will reverse the denial of a motion for a judgment of acquittal only if no construction of the evidence exists to support the jury's verdict." United States v. Flores, 362 F.3d 1030, 1035 (8th Cir. 2004) (quotation omitted).

The government argues that the overwhelming proof of Ausler's knowing possession of powder cocaine was sufficient for the jury to convict him of both counts. Because the statute prohibits knowing or intentional possession of "a controlled substance," 21 U.S.C. § 841(a)(1), this court and others have held that the government must prove only that the defendant knew he possessed a "controlled substance," not the specific type of controlled substance actually in his possession. See United States v. Sheppard, 219 F.3d 766, 769 (8th Cir. 2000), cert. denied, 531 U.S. 1200 (2001); United States v. Hussein, 351 F.3d 9, 18 (1st Cir. 2003) (collecting cases). But that principle does not apply here. The indictment separately charged Ausler with knowing possession of powder and crack cocaine,[2] and the district court instructed the jury, without objection by the government, that it must find Ausler "intended to be in possession of . . . crack" to convict him on Count Two. When

_____

[2]It is well-settled that an indictment charging the defendant with separate violations of § 841(a)(1) for simultaneous possession of different controlled substances "is not multiplicitous and does not violate double jeopardy." United States v. Vargas-Castillo, 329 F.3d 715, 720 (9th Cir. 2003) (collecting cases).

given, "such an instruction . . . becomes the law of the case." United States v. Tapio, 634 F.2d 1092, 1094 (8th Cir. 1980). Thus, we must determine whether there was sufficient evidence that Ausler knowingly or intentionally possessed 30.7 grams of crack, which is admittedly a distribution quantity of that controlled substance.

The strongest evidence supporting the jury's verdict was Ausler's exclusive dominion and control over a partially hidden distribution quantity of two controlled substances. The bricks of powder cocaine were tape-wrapped, yet Ausler concedes their location and contents were sufficient to support a finding that he knowingly possessed powder cocaine. See United States v. Cortez, 935 F.2d 135, 143 (8th Cir. 1991) ("complete and sole control and dominion over" a vehicle containing hidden marijuana was sufficient evidence of knowing possession), cert. denied, 502 U.S. 1062 (1992). In this case, the smaller quantity of crack was hidden inside the tape-wrapped bricks of powder cocaine. If the crack had been hidden in a secret compartment or concealed within a large quantity of packing materials, rather than within a second controlled substance, Cortez confirms that a rational jury could find knowing possession of that specific controlled substance. Ausler cites no case supporting the counter-intuitive proposition that the evidence of knowledge becomes insufficient merely because the controlled substance was hidden within a second type of controlled substance. Moreover, the forensic chemist testified that the small packages of crack made an "obvious lump" on the outside of the bricks, concrete evidence that Ausler knew the bricks contained more than powder cocaine. The jury's request to rehear that testimony demonstrates that it gave careful attention to the question whether Ausler knowingly possessed the crack cocaine. Like the district court, we conclude that the evidence was sufficient to support the jury's resolution of that issue.

Ausler did not object to the Presentence Investigation Report nor raise any sentencing issue on appeal. The judgment of the district court is AFFIRMED.

_____