# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2714

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Reyes Manuel Ayon, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2006
Filed: February 17, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Reyes Manuel Ayon drove a truck containing marijuana and amphetamine to a drug deal with an undercover agent. The exchange was videotaped by law enforcement. Ayon admitted his role in the marijuana deal, but maintained he did not know about the amphetamine. A jury convicted Ayon of conspiracy to distribute and possess with intent to distribute at least 150 pounds of marijuana, conspiracy to distribute and possess with intent to distribute at least at least 500 grams of amphetamine, aiding and abetting possession with intent to distribute marijuana, and aiding and abetting possession with intent to distribute amphetamine. The district

court[*] sentenced Ayon to ninety-six months in prison, in the middle of the advisory Guidelines range.

On appeal, Ayon concedes the evidence was sufficient to support his convictions on the marijuana counts, but argues the evidence was insufficient to support his convictions on the amphetamine counts. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find Ayon guilty beyond a reasonable doubt. See United States v. McKay. 431 F.3d 1085, 1094 (8th Cir. 2005). As the district court instructed the jury, the Government was only required to prove Ayon knowingly possessed a controlled substance, not that he knew he possessed amphetamine. United States v. Sheppard, 219 F.3d 766, 769 (8th Cir. 2000); see also United States v. Hussein, 351 F.3d 9, 18 (1st Cir. 2003) (collecting cases). Contrary to Ayon's assertion, United States v. Ausler, 395 F.3d 918, 920 (8th Cir. 2005), does not hold otherwise. In Ausler, we noted that although the Government need not prove a defendant possessed a particular drug, the Government failed to object to the court's instruction that the jury had to find Ausler possessed crack. Id. Thus, the instruction became the law of the case. Id.

In Ayon's case, the court did not instruct the jury that it had to find Ayon possessed amphetamine. In any event, the evidence at trial established Ayon knew about the amphetamine contained in the hidden compartment with the bulk of the marijuana. The videotape showed Ayon stood guard while coconspirators unloaded the hidden compartment, Ayon saw the amphetamine, the deal was to include methamphetamine, and Ayon was within earshot when the undercover officer asked about the "CR," a Spanish slang term for amphetamine or methamphetamine. Ayon gave no indication that he did not know about the amphetamine, and played his part in concluding the deal.

---

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Ayon also argues we should remand for resentencing because the district court committed error in setting the sentence as if the amphetamine was an equivalent amount of methamphetamine.  The district court simply followed an applicable Guidelines amendment setting the same marijuana drug equivalency computation for amphetamine as methamphetamine.  The Sentencing Commission adopted the amendment in response to Congress's directive to increase the penalties for amphetamine to make them comparable to methamphetamine.  Contrary to Ayon's assertion, the Sentencing Commission acted within its authority in adopting the amendment.

We thus affirm Ayon's conviction and sentence.

_____