# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4051

_____

United States of America,          *
                                   *
           Appellee,               *
                                   *    Appeal from the United States
     v.                            *    District Court for the
                                   *    Eastern District of Missouri.
Jose Parks,                        *
                                   *        [UNPUBLISHED]
           Appellant.              *

_____

Submitted: September 28, 2007
Filed: October 4, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

PER CURIAM.

The district court[1] concluded Jose Parks (Parks) was a career offender under United States Sentencing Guideline § 4B1.1 based on Parks's prior felony convictions for escape and possession of a controlled substance with the intent to deliver. Parks appeals, arguing the district court erred in (1) applying the preponderance of the evidence standard, rather than the beyond a reasonable doubt standard, to determine whether Parks's prior convictions qualify as crimes of violence or controlled substance offenses, and (2) concluding Parks's escape conviction qualifies as a crime

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

of violence. We disagree. "Determining whether a prior conviction is a 'crime of violence' for § 4B1.2 purposes is a question of law, not a question of fact found by the judge." United States v. Bockes, 447 F.3d 1090, 1093 n.4 (8th Cir. 2006). A district court need not apply the beyond a reasonable doubt standard to determine whether a prior conviction qualifies as a crime of violence or a controlled substance offense. See United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Parks's escape conviction qualifies as a crime of violence. See United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001) (holding "escape is categorically a crime of violence").

We affirm. See 8th Cir. R. 47B.

_____