# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1716

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Plaintiff-Appellee, | * | District Court for the |
| | * | Eastern District of Missouri |
| v. | * | |
| | * | [PUBLISHED] |
| Earnest L. Pearson, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: January 30, 2009

_____

Before MELLOY, and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

DOTY, District Judge.


Earnest L. Pearson pleaded guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Pearson to 188 months imprisonment. At sentencing, the district court determined that Pearson was a career offender under United States Sentencing

_____

[1]The Honorable David S. Doty, United States District Court for the District of Minnesota, sitting by designation.

Guidelines § 4B1.1(a) because of his earlier felony convictions for possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841 and escape in violation of 18 U.S.C. § 751(a). As a result, the district court calculated Pearson's Guidelines sentencing range pursuant to a criminal history category VI and an offense level of 31, which resulted in an imprisonment range of 188 to 235 months.[2] See U.S.S.G. § 4B1.1(b). Pearson appeals, arguing that he is not a career offender because his escape conviction is not a "crime of violence" under Guidelines § 4B1.1(a). We reverse and remand for resentencing.

We review de novo the district court's interpretation and application of the Guidelines. United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008). Because Pearson did not object to his career offender status at sentencing, he is entitled to relief only if the district court "committed an error that was plain, that affected his substantial rights, and that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Davis, 538 F.3d 914, 917 (8th Cir. 2008) (quotations omitted). "When at the time of sentencing the law was settled and is 'clearly contrary to the law at the time of appeal . . . it is enough that an error be "plain" at the time of appellate consideration.'" Id. at 917-18 (quoting Johnson v. United States, 520 U.S. 461, 468 (1997)).

A defendant is a "career offender" under the Guidelines if he was eighteen years old at the time he committed a felony crime of violence or controlled substance offense and had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is an offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents

_____

[2] Without the career-offender enhancement, Pearson's Guidelines sentencing range would have been 57 to 71 months based upon an offense level of 21 and a criminal history category of IV.

a serious potential risk of physical injury to another." Id. § 4B1.2(a). We assess whether a crime "otherwise involves conduct that presents a serious risk of physical injury to another" on a categorical basis, considering the elements of the offense without looking at the facts supporting the underlying conviction. See United States v. Williams, 537 F.3d 969, 972 n.1 (8th Cir. 2008) (citing Begay v. United States, 128 S.Ct. 1581, 1584 (2008)). Thus, our inquiry is whether the generic crime of escape is "roughly similar, in kind as well as in degree of risk posed, to the example[] [crimes] themselves." Begay, 128 S.Ct at 1585. In other words, we ask whether escape involves similar "purposeful, violent, and aggressive conduct" potentially at issue in commission of the crimes listed in Guidelines § 4B1.2(a)(2). Id. (quotations omitted).

Our circuit's precedent holds that all escape convictions are "crimes of violence" under the "otherwise" clause of Guidelines § 4B1.2. United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001) ("We believe that every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others."); see also United States v. Headbird, 461 F.3d 1074, 1079 (8th Cir. 2006) (same); United States v. Gary, 341 F.3d 829, 836 (8th Cir. 2003) (same). After oral argument in this case, however, the United States Supreme Court held that crimes "characterized by a failure to present oneself for detention on a specified occasion" are not "violent felon[ies]" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). See Chambers v. United States, No. 06-11206, 2009 U.S. LEXIS 580, slip op. at 5, 7 (Jan. 13, 2009). Contra United States v. Ingram, 501 F.3d 963, 968 (8th Cir. 2007), vacated, 2009 U.S. LEXIS 831 (Jan. 21, 2009); United States v. Adams, 442 F.3d 645, 647 (8th Cir. 2006) (failure to return to confinement a violent felony); United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002) ("walkaway" escape a violent felony). "We construe 'violent felony' under [ACCA] to have the same meaning as 'crime of violence' under [Guidelines] § 4B1.2." United States v. Nolan, 397 F.3d 665, 666 (8th Cir. 2005). Therefore, we must determine whether Chambers affects our holding that escape in violation of § 751(a) is a "crime of violence." See United

States v. Mills, 223 Fed. Appx. 516 (8th Cir. 2007), vacated, 2009 U.S. LEXIS 657 (Jan. 21, 2009); see also Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 838 (8th Cir. 1997) (one panel of this court can overrule another panel "when the earlier panel decision is cast into doubt by a decision of the Supreme Court").

The Illinois escape statute in Chambers distinguished between escapes from custody (i.e., escape from a penal institution or the custody of an employee of a penal institution) and the failure to return or report to custody (i.e., failure to report to a penal institution or for periodic imprisonment, and failure to return from furlough or from work and day release). Chambers, No. 06-11206, 2009 U.S. LEXIS 580, slip op. at 4-5. The court noted that the "behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Id. at 4. More specifically, the court stated that a failure to report is "a form of inaction, a far cry from the purposeful, violent, and aggressive conduct potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion." Id. at 5-6 (quotations omitted). Therefore, the court concluded that a conviction for failure to report to a penal institution was categorically not a "violent felony" under ACCA. Id. at 7. Accordingly, Chambers overrules this circuit's precedent that all escapes - including failures to return or report to custody - are crimes of violence, but leaves intact our precedent holding that escape from custody is a crime of violence.

Section 751(a) prohibits "escap[ing] or attempt[ing] to escape from the custody of the Attorney General," which includes failing to return to custody. 18 U.S.C. § 751(a); United States v. Tapio, 634 F.2d 1092, 1093-94 (8th Cir. 1980) (failure to return as required is escape); see also United States v. Bailey, 444 U.S. 394, 407 (1980) ("escape" under § 751(a) "means absenting oneself from custody without permission"). As a result, § 751(a) is overinclusive because it covers conduct that does and does not trigger the career offender enhancement. See United States v.

Medina-Valencia, 538 F.3d 831, 833 (8th Cir. 2008). Thus, we apply a modified categorical approach, in which a court "may refer to the charging document, the terms of a plea agreement, jury instructions, or comparable judicial records to determine" whether the earlier offense was a crime of violence. See United States v. Montenegro-Recinos, 424 F.3d 715, 717 (8th Cir. 2005) (citing Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor v. United States, 495 U.S. 575, 602 (1990)).

The district court did not apply the modified categorical approach, and the record on appeal does not allow such an inquiry.[3] Because the law on appeal is plain, it would be error not to consider whether Pearson's conviction under § 751(a) was a career-offender-qualifying escape from custody, or a non-qualifying failure to return or report to custody. Moreover, the applicability of Guidelines § 4B1.1 substantially alters Pearson's sentencing range. Therefore, we determine that failure to identify the character of Pearson's escape conviction would affect his substantial rights and seriously affect the fairness, integrity or public reputation of judicial proceedings. Accordingly, we reverse and remand for resentencing in accordance with this opinion.

_____

[3] Pearson indicates that the presentence investigation report prepared before sentencing on the escape conviction describes the offense as a "fail[ure] to return as directed." (Appellant's Br. at 8.) That report, however, is not part of the appellate record.