# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4051

_____

United States of America,                     *
                                              *
            Appellee,                         *
                                              *   On remand from the Supreme
     v.                                       *   Court of the United States.
                                              *
Jose Parks,                                   *        **[PUBLISHED]**
                                              *
            Appellant.                        *

_____

Submitted: March 5, 2009
Filed: April 7, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

PER CURIAM.

     In 2006, Jose Parks (Parks) pled guilty to a federal drug charge, and the district court sentenced Parks as a career offender. Parks appealed his sentence, and we affirmed. United States v. Parks (Parks I), 249 Fed. Appx. 484 (8th Cir. 2007) (unpublished per curium). Parks's appeal is again before us on remand from the United States Supreme Court. See Parks v. United States (Parks II), 129 S. Ct. 994 (2009). We now affirm in part, reverse in part, and remand for resentencing.

## I.    BACKGROUND

In 2006, a federal grand jury indicted Parks on one count of possession with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1). Parks pled guilty to the charge, and the district court entered judgment.

Parks's presentence investigation report (PSR) recommended Parks be sentenced as a career offender under the advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) because Parks had a previous controlled substance felony offense and because Parks's 1989 Missouri state court felony conviction for escape was a crime of violence. Parks objected to the PSR and again objected at his sentencing hearing, contesting his classification as a career offender based on the escape conviction. The district court followed this court's precedent and overruled Parks's objection, sentencing Parks as a career offender to 151 months imprisonment.

Parks appealed, arguing the district court (1) applied an incorrect standard to determine whether his prior convictions qualified him for career offender status, and (2) erroneously found Parks's escape conviction was a crime of violence because he was convicted under Mo. Rev. Stat. § 575.210 for a non-violent "walkaway" escape, absconding, without violence, from an honor center. We affirmed the district court. Parks I, 249 Fed. Appx. at 485.

Parks filed a petition for writ of certiorari in the United States Supreme Court. Subsequently, the Supreme Court issued its opinion in Chambers v. United States, __ U.S. __, __, 129 S. Ct. 687, 693 (2009), which held an escape conviction for failure to return was not a violent felony under the Armed Career Criminal Act (ACCA). The Supreme Court then granted Parks's petition, vacated Parks's judgment, and remanded the case to us for further consideration in light of Chambers. Parks II, 129 S. Ct. at 994.

## II.    DISCUSSION

Under U.S.S.G. § 4B1.1(a), a defendant being sentenced for a felony offense is a career offender if (1) the defendant was at least eighteen years of age at the time the felony was committed, (2) the felony "is either a crime of violence or controlled substance offense," and (3) the defendant has two prior felony convictions for a crime of violence or controlled substance offense. An offense is a crime of violence if it, among other things, "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

When determining whether an offense is a crime of violence, we employ a categorical approach which (1) considers "the elements of the offense without looking at the facts supporting the underlying conviction," and (2) analyzes whether "the generic crime of escape . . . involves similar 'purposeful, violent, and aggressive conduct' potentially at issue in commission of the crimes listed in Guidelines § 4B1.2(a)(2)." United States v. Pearson, 553 F.3d 1183, 1185 (8th Cir. 2009) (quoting Begay v. United States, __ U.S. __, __, 128 S. Ct. 1581, 1586). If a statute is over inclusive and "covers conduct that does and does not trigger the career offender enhancement," we use a modified categorical approach which allows analysis of "'the charging document, the terms of a plea agreement, jury instructions, or comparable judicial records to determine' whether the earlier offense was a crime of violence." Id. at 1186 (quoting United States v. Montenegro-Recinos, 424 F.3d 715, 717 (8th Cir. 2005)).

In Chambers, the Supreme Court addressed whether a conviction under an Illinois escape statute constituted a violent felony under the ACCA. Chambers, 129 S. Ct. at 690. The Illinois statute allowed conviction for escape based on several types of behavior, including "failing to report to a penal institution," "failing to report for periodic imprisonment," "failing to return from furlough," and "failing to return from work and day release." Id. at 691. The Court "treated the statute for ACCA purposes as containing at least two separate crimes, namely escape from custody on the one

hand, and a failure to report on the other." It held that the crime at issue -- failure to report for penal confinement -- was not a violent felony under the ACCA because "failure to report (or to return)" crimes are "a form of inaction, a far cry from the purposeful, violent, and aggressive conduct potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion." Id. at 691-92 (internal marks and citation omitted).

In Chambers, the Court did not discuss whether escape from custody crimes are sometimes or always violent felonies for ACCA purposes, except to note that "failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Id. at 691. After Chambers, a panel of this court concluded that escape offenses under 18 U.S.C. § 751(a) include both escapes from custody and failures to return; we therefore remanded for a determination of whether the conviction at issue "was a career-offender-qualifying escape from custody, or a non-qualifying failure to return or report to custody." Pearson, 553 F.3d at 1186.

Parks was convicted under Mo. Rev. Stat. § 575.210 (1989), which provides,

1. A person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, or while serving a sentence after conviction for any crime, he escapes or attempts to escape from confinement.

2. Escape or attempted escape from confinement is a class D felony except that it is:
    (1) A class A felony if it is effected or attempted by means of a deadly weapon or dangerous instrument or by holding any person as hostage;
    (2) A class C felony if the escape or attempted escape is facilitated by striking or beating any person.

-4-

Before <u>Chambers</u>, we held that "every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others" and "qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.2." <u>United States v. Nation</u>, 243 F.3d 467, 472 (8th Cir. 2001). <u>Pearson</u> reaffirmed that "escape from a penal institution or the custody of an employee of a penal institution" is a violent felony. 553 F.3d at 1185. But <u>Pearson</u> did not consider whether a walkaway escape is a violent felony under <u>Chambers</u> and <u>Begay</u>; that remains an open question. The record is not sufficiently developed for us to make this determination because the district court, relying on our precedent, limited its factual findings regarding Parks's escape conviction to the brief description of the offense in Parks's PSR. Moreover, the record also suggests § 575.210 is potentially over-inclusive because it may include failure to report or return offenses. <u>See</u> <u>also</u> Mo. Rev. Stat. § 217.390 (1989) (stating, an inmate on escape status, which includes absenting oneself from supervision, work or educational release, or a halfway house or failing to return to such a place, "shall be sentenced for escape as provided in section 575.210"). Therefore, we reverse and remand Parks's case to the district court for resentencing, and instruct the district court to analyze Parks's prior escape conviction under § 575.210 in light of <u>Chambers</u> and <u>Begay</u>.

Although we reverse the district court's determination of Parks's career offender status based on Parks's escape conviction, we affirm the district court on Parks's other issue on appeal for the reasons stated in our previous opinion. <u>See</u> <u>Parks I</u>, 249 Fed. Appx. at 485 ("A district court need not apply the beyond a reasonable doubt standard to determine whether a prior conviction qualifies as a crime of violence or a controlled substance offense.").

## III.    CONCLUSION

The district court is affirmed in part, reversed in part, and the case is remanded for resentencing consistent with this opinion.

_____