# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2306

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | On remand from the Supreme |
| | * | Court of the United States. |
| Thomas Frederick Mills, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: July 8, 2009
Filed: August 14, 2009

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

In 2005, Thomas Mills (Mills) pled guilty to escape in violation of 18 U.S.C. § 751(a) and theft of government property in violation of 18 U.S.C. § 641. At sentencing, the district court determined that Mills was a career offender under U.S.S.G. § 4B1.1(a) because of two earlier felony convictions for controlled substance offenses and his escape conviction under § 751(a). Mills appealed his sentence, and we affirmed. United States v. Mills, 223 Fed. Appx. 516 (8th Cir. 2007) (unpublished per curiam). Mills' appeal is again before us on remand from the United States

Supreme Court. See Mills v. United States, 129 S. Ct. 989 (2009). We now remand for resentencing.

At the time of Mills' sentencing hearing, this court had determined that all convictions for felony escape qualified as a crime of violence under U.S.S.G. § 4B1.2. United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001). Following Mills' sentencing, the Supreme Court issued its opinion in Chambers v. United States, 129 S. Ct. 687 (2009), holding that an escape conviction for failure to report was not a crime of violence under the Armed Career Criminal Act (ACCA). The Court in Chambers did not discuss whether escape from custody crimes qualify as violent felonies under the ACCA, but did state that "failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Id. at 691.

Following Chambers, we reaffirmed that "escape from a penal institution or the custody of an employee of a penal institution" is a violent felony. United States v. Pearson, 553 F.3d 1183, 1185 (8th Cir. 2009). Pearson did not consider, however, whether a walkaway escape is a violent felony under Chambers and Begay v. United States, 128 S. Ct. 1581 (2008). That question remains undecided. United States v. Parks, 561 F.3d 795, 798 (8th Cir. 2009). We cannot make that determination based on the limited factual record before us, the record not presently clear whether Mills' escape conviction was a walkaway escape or in fact an "escape from a penal institution." Pearson, 553 F.3d at 1185.

Accordingly, we remand Mills' case to the district court for resentencing, and direct the court to analyze his escape conviction in light of Chambers and Begay. The district court is instructed to apply a modified categorical approach to determine whether Mills' escape conviction was a crime of violence under § 4B1.2. Pearson, 553 F.3d at 1186 (under a modified categorical approach, "a court may refer to the

charging document, the terms of the plea agreement, jury instructions, or comparable judicial records to determine" whether the offense was a crime of violence).

_____