# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3979

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Eric Leonard Jackson, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 23, 2009
Filed:  February 16, 2010

_____

Before LOKEN, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Eric Leonard Jackson appeals from the judgment of the district court[1] sentencing him to twenty-four months of imprisonment for a walkaway escape from a federal prison camp in violation of 18 U.S.C. § 751(a).  We affirm.

In 2006, Leonard was sentenced to a total of 145 months of imprisonment for a drug offense and a supervised-release violation.  Less than one year later, he walked away from the federal prison camp in Duluth, Minnesota, and remained at large for

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

approximately seven months. Upon recapture, he pleaded guilty to violating § 751(a). The only contested issue at sentencing was whether his walkaway escape qualified as a crime of violence triggering the career-offender provisions of the U.S. Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 4B1.1(a)(2).

Jackson had a category IV criminal history. His total offense level without application of the career-offender provisions was eleven, resulting in a guidelines range of eighteen to twenty-four months. His total offense level with application of the career-offender provisions was fourteen, resulting in a guidelines range of thirty-seven to forty-six months.

Before Jackson's sentencing, the Supreme Court issued its opinion in Begay v. United States, 128 S. Ct. 1581 (2008). Begay interpreted the residual or "otherwise" clause of the Armed Career Criminal Act ("ACCA") to cover only crimes similar to the ACCA's enumerated crimes "rather than *every* crime that 'presents a serious potential risk of physical injury to another.'" Begay, 128 S. Ct. at 1585 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The various forms of escape encompassed by § 751(a) are not enumerated offenses in the ACCA or the guidelines' career-offender provisions, and may only qualify as crimes of violence if they satisfy the residual clause. See United States v. Pearson, 553 F.3d 1183, 1186 (8th Cir. 2009) (collecting authority to illustrate various types of conduct encompassed by § 751(a)). Prior to Begay, our court had held that escapes, even walkaway escapes, qualify as crimes of violence. See, e.g., United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001).

At the time of Jackson's sentencing, a case pending before the Supreme Court involved the issue of whether an Illinois statute encompassing the crimes of escape, failure to report for imprisonment, and failure to abide by the terms of home confinement satisfied the residual clause. See Chambers v. United States, 129 S. Ct. 687, 691 (2009) (discussing Ill. Comp. Stat., ch. 720 § 5/31-6(a)). At sentencing, Jackson relied on arguments presented by the defendant in Chambers and urged the

district court to hold that, in light of <u>Begay</u>, his § 751(a) conviction should not qualify as a crime of violence.

The district court rejected his arguments and concluded that § 751(a) qualified as a crime of violence. The district court then carefully applied 18 U.S.C. § 3553(a), discussed several of the factors from that section, and imposed a sentence of twenty-four months' imprisonment. The district court specifically noted that this sentence would be appropriate even if the career-offender provisions were found inapplicable:

> I will say for the purposes of the record that were my judgment wrong and it's ultimately determined that escape is not a crime of violence for purposes of the career offender statute, I still believe that the sentence of 24 months would be appropriate under the circumstances, and so I want the record to reflect that even with a change in the circumstances and a move to the guideline, I think the sentence that I've given would still be a consistent judgment on what's appropriate under the circumstances.

Subsequently, the Supreme Court issued its opinion in <u>Chambers</u>. The Court held that an escape-related conviction based on a failure to report was not a predicate felony conviction under the ACCA because a failure to report is "a far cry" from the type of conduct associated with the enumerated crimes of the ACCA. <u>Chambers</u>, 129 S. Ct. at 692. The Court noted, however, that "[t]he behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." <u>Id.</u> at 691.

On appeal, Jackson relies on <u>Chambers</u> to challenge application of the career-offender provisions in his case. He also argues that his sentence at the top of the non-career-offender guidelines range is unreasonable. The government now concedes that § 751(a) does not qualify as a crime of violence.[2] The government argues, however,

_____

[2]We have recognized that § 751(a) defines multiple different offenses, is therefore "overinclusive," and is subject to analysis as per the modified categorical approach of <u>Shepard v. United States</u>, 544 U.S. 13, 16–17 (2005). <u>See, e.g.</u>, <u>United</u>

that given the district court's clear statement as quoted above, any error regarding application of the career-offender provisions is harmless.

We agree with the government. Even if the district court were incorrect in holding that a § 751(a) conviction for a "walkaway escape" qualifies as a crime of violence, a sentencing court's harmless error in applying the Guidelines does not require a remand. United States v. Henson, 550 F.3d 739, 740–41 (8th Cir. 2008). Here, the district court sentenced Jackson below the career-offender range and at the top of the range that would have applied had the district court found the career-offender provisions inapplicable. The court explained in detail why it believed a twenty-four month sentence was appropriate given the circumstances of Jackson's escape and the duration of time he spent at large. The court also provided comments leaving no doubt that it would apply the same sentence regardless of whether the

_____

States v. Pearson, 553 F.3d 1183, 1186 (8th Cir. 2009). We have not yet determined, however, whether a walkaway escape qualifies as a crime of violence in light of Chambers and Begay. See United States v. Mills, 575 F.3d 833, 833 (8th Cir. 2009) (per curiam) (discussing § 751(a) in light of a sparse factual record and remanding for a district court to assess § 751(a) under Shepard in light of Chambers and Begay). We have at least twice stated that Chambers "overrule[d] our precedent that *all* escape offenses are crimes of violence" but "[left] intact our precedent holding that escape from penal custody is a crime of violence." United States v. Hudson, 577 F.3d 883, 886 (8th Cir. 2009), cert. denied, ___ S. Ct. ___, 2010 WL 251493; see also Pearson, 553 F.3d at 1186. In Hudson and Pearson, however, we were not dealing with walkaway escapes, and we have repeatedly noted that our court has not resolved this specific question post-Chambers. See Mills, 575 F.3d at 833 ("Pearson did not consider, however, whether a walkaway escape is a violent felony under Chambers and Begay. That question remains undecided."); United States v. Parks, 561 F.3d 795, 798 (8th Cir. 2009) (per curiam) ("Pearson did not consider whether a walkaway escape is a violent felony under Chambers and Begay; that remains an open question."). Given the government's concession on appeal in the present case, and given the clearly harmless nature of any possible error below, this is not an appropriate case for attempting to resolve whether a walkaway escape qualifies as a predicate offense in light of Chambers.

-4-

career-offender provisions applied. Where "we have a clear record that the judge intended to impose the same sentence," id. at 742, and where the court "tak[es] into account the potential impact of the specific error alleged," id. at 741, it is appropriate to treat the alleged error as harmless.

Also, because the sentence Jackson received was within the non-career-offender guidelines range, his sentence would be entitled to a presumption of reasonableness if the lower range applied. See Rita v. United States, 551 U.S. 338, 348 (2007) (identifying the standard for reasonableness review and holding that appellate courts may treat within-guidelines-range sentences as presumptively reasonable). Finding nothing about his sentence unreasonable, we reject his arguments that the district court abused its discretion in applying § 3553(a) and sentencing him to twenty-four months' imprisonment. Id.

We affirm the judgment of the district court.

_____