# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3186

_____

United States of America,                    *
                                             *
          Appellee,                     *
                                             *     Appeal from the United States
    v.                                    *     District Court for the
                                             *     Northern District of Iowa.
Robby Allen Krueger,                          *
                                             *     [UNPUBLISHED]
          Appellant.                    *

_____

Submitted: April 14, 2010
Filed:  May 14, 2010

_____

Before LOKEN, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Defendant Robby Allen Krueger pleaded guilty to possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, which contained fifty grams or more of actual methamphetamine.  21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  After granting Krueger safety-valve relief, the district court[1] sentenced him at the top of his advisory Guidelines range of 135–168 months' imprisonment.  Krueger appeals, alleging procedural error in his sentencing.  We affirm.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

It is undisputed that Krueger had trafficked in different drugs and that the marijuana equivalent of the assorted drugs attributable to him for sentencing purposes was 256,022.10 kilograms of marijuana. See U.S. Sentencing Guidelines Manual § 2D1.1cmt. n.10(B). This quantity was several times the amount required to determine a base offense level of thirty-eight pursuant to the drug quantity tables of U.S.S.G. § 2D1.1(c). After applying other adjustments, Krueger's offense level was thirty-five. The only contested issue at sentencing was whether Krueger had fully and truthfully debriefed as required to be eligible for a two-level safety-valve reduction pursuant to 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5).

During a lengthy sentencing hearing as to this sole issue, the district court noted that the impact of safety-valve relief upon Krueger's advisory Guidelines range would be to shift the range from 168–210 months downward to 135–168 months. The court indicated that the substantial drug quantity at issue would be the primary driver of any sentence and that it was likely the court would be imposing a within-range, 168-month sentence regardless of safety-valve relief.

The district court then repeatedly assured Krueger's counsel that he would not be deprived of any opportunity to make arguments or present evidence. In fact, in a subsequent examination of a witness, counsel convinced the district court that Krueger had fully and truthfully disclosed all pertinent knowledge as required for safety-valve relief. Accordingly, the court found that the adjusted offense level was thirty-three and that the advisory Guidelines range was 135–168 months' imprisonment.

The court then carefully applied the factors of 18 U.S.C. § 3553(a), and imposed the 168-month sentence. The court noted again that the large drug quantity at issue was the predominate consideration in formulating a sentence in this case.

Krueger appeals, arguing essentially that the district court's declaration of intent prior to determination of the safety-valve issue amounted to a procedural error and an

abuse of discretion. Embedded in Krueger's argument are the allegations that the district court did not appreciate the scope of its discretion and failed to consider relevant sentencing factors.

The government has filed a motion to dismiss, alleging that an appeal waiver precludes Krueger's appeal. We need not address the government's motion because Krueger's arguments as to the merits are deficient on their face. The record in this case makes it amply clear that the experienced sentencing judge was well-aware of the scope of his discretion. In several cases post-Booker[2] and post-Gall[3], we have referred approvingly to the district court practice of making a record of the fact that different sentencing issues would not impact the ultimate determination of a sentence under 18 U.S.C. § 3553(a). See, e.g., United States v. Henson, 550 F.3d 739, 741 (8th Cir .2008) ("We need not even venture an inference that the error had no effect on the court's selection of the sentence; here, the district court answered that question expressly, and it did so after taking into account the potential impact of the specific error involved.") (internal citations omitted). That is not to say courts may ignore the framework set forth clearly in Gall requiring an accurate determination of an advisory range en route to the application of § 3553(a). Gall, 552 U.S. at 49 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). Rather, a sentencing court's acknowledgment that the resolution of a contested issue would have little or no impact on sentencing simply informs our court as to whether any possible error might be viewed as harmless. See United States v. Jackson, 594 F.3d 1027, 1030 (8th Cir. 2010).

Having carefully reviewed the sentencing transcript in this case, it is clear the district court properly considered and applied the Guidelines and § 3553(a) and committed no error. It was not an abuse of discretion for the court to prudently and

[2]United States v. Booker, 543 U.S. 220 (2005).

[3]Gall v. United States, 552 U.S. 38 (2007).

-3-

openly announce that the safety-valve issue was of relatively little importance compared to the drug quantity, the factor of overriding importance in this case. Further, Krueger identifies nothing to overcome the presumption of reasonableness that attaches to his within-range sentence. See United State v. Wilder, 597 F.3d 936, 945 (8th Cir. 2010).

We affirm the judgment of the district court and deny the government's pending motion to dismiss as moot.

_____