TASHIMA, Circuit Judge,
concurring:
I write separately to explain why it is necessary for us fully to review Lettiere’s challenge to the jury instruction defining “brandish.”
At first glance, the knowledgeable reader of this opinion will ask herself or himself why did the Ninth Circuit conclude it was necessary to define “brandish” for jury instruction purposes when brandishing is not an element of the offense defined in 18 U.S.C. § 924(c)(1), which must be *1277 found by a jury, but is a “sentencing factor ... to be found by the judge”? Harris v. United States, 536 U.S. 545, 556, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). The answer to that question, which the majority opinion declines to address, see Maj. Op. at 1274, is wrapped up in the unusual nature of the proceedings at the charge conference in district court.
As explained by the majority, the indictment charged that Lettiere had both “used and brandished” a firearm in violation of § 924(c)(l)(A)(ii). Further, at the charge conference, both the defendant and the government agreed that the jury instructions should include a definition of “brandish.” See Maj. Op. at 1273-74. Thus, we are confronted with a threshold issue of first impression in this circuit: given that the jury was not required to find that Lettiere had brandished a firearm in order for him to be convicted under § 924(c)(1)(A), or for Lettiere to be subject to the mandatory minimum sentence for brandishing,[1] should we decline to hear Lettiere’s challenge to the jury instruction on brandishing because it is a moot point? Stated differently, when a judge instructs a jury on an issue that is not an element of the offense, is the instruction surplusage and, thus, any error in the formulation of that instruction per se harmless error?[2]
Because there is no Ninth Circuit or Supreme Court case law on this subject, I would look to the law of the other circuits for guidance. Doing so, I would answer these questions in the negative. Several circuits have held that, when a trial judge instructs the jury, without objection from the government, that a specific element must be found for a criminal conviction, that element becomes a necessary element of that particular conviction under the “law of the case” doctrine, even if the element would not otherwise have been necessary under controlling case law or statute.[3] See United States v. Williams, 376 F.3d 1048, 1051 (10th Cir.2004); United States v. Taylor, 933 F.2d 307, 310 (5th Cir.1991); United States v. Tapio, 634 F.2d 1092, 1094 (8th Cir.1980); see also United States v. Zanghi, 189 F.3d 71, 79 (1st Cir.1999) (clarifying that this rule applies in criminal cases only when the extraneous element is charged in the indictment and the jury instruction is not “patently incorrect”). This rule is based on the principle that “the Government chooses its charge and once it announces to the jury what it will have to prove,” it should be held to its charge, “even though it undertook to prove an element not required by the law.” United States v. Romero, 136 F.3d 1268, 1273 (10th Cir.1998).
In this case, the government undertook to prove that Lettiere had brandished a firearm at two junctures: first, when it charged brandishment in the indictment, and, second, when it agreed to an instruction on brandishment.[4] It is because of *1278 these circumstances that I agree with the majority, which implicitly, but necessarily, holds that the jury instruction requiring a finding of brandishment has, in the circumstances of this case, become a necessary element of Lettiere’s conviction under § 924(c)(1).
Once the district court undertook to instruct the jury on “brandish,” even though it was not required to do so as an element of the offense, under the law of the case doctrine, I would expressly hold that the district court was bound correctly to instruct the jury. With these additional comments, I fully join in the majority opinion.

. For sentencing purposes, as noted above, whether a firearm is brandished is to be found by the court.

. The government has not made this argument, but we may affirm on any ground supported by the record, see Sec. Life Ins. Co. of Am. v. Meyling, 146 F.3d 1184, 1190 (9th Cir.1998), and this argument, if sustained, would be an easy ground on which to affirm the conviction.

. A leading treatise, while noting the existence of this rule, observes that it is not really a proper application of the "law of the case” doctrine but instead is more likely a manifestation of principles "of proper trial-court procedure and the proper relationships between appellate courts and trial courts.” 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478.6 (2d ed. 2010).

. It is true that the government initially proposed instructions that required the jury to find only that Lettiere had used or brandished the gun and argued to the district judge that the jury would not need to find brandishment to convict or to permit the judge to apply the *1278 minimum sentence for brandishment. But government counsel eventually capitulated to Lettiere’s argument that the instructions should require a finding that he both used and brandished the gun, stating that the government “would shoulder the burden of [both] used and brandished” because she, government counsel, believed the government had proven both and that she "[didn't] mind” the instruction requiring the jury to find both. Therefore, it is clear that the government did not object to the instruction on brandishment.