# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3544

———————————————

United States of America

*Plaintiff - Appellee*

v.

Javon Joshua Jennings

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

——————————

Submitted: July 20, 2020
Filed: July 23, 2020
[Unpublished]

——————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Javon Jennings appeals his conviction and the sentence the district court[1] imposed after he pleaded guilty to witness tampering and retaliating against a witness.

———————————

[1] The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

At sentencing, the district court ordered Jennings's sentence to be served consecutively to an unrelated state sentence and referenced U.S.S.G. § 5G1.3(a) (if instant offense was committed after sentencing for undischarged term of imprisonment, sentence for the instant offense shall run consecutively to the undischarged term of imprisonment), which counsel pointed out did not apply to Jennings, because the offense was committed after Jennings was convicted of the state charges, but before he was sentenced. The court clarified that it was merely referring to the reasoning of section 5G1.3(a), noted that the Guidelines were advisory, and stated that, even if reliance on that section was incorrect, the court would still impose the sentence consecutively. Jennings's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in declining to order Jennings's sentence to run concurrently with his state sentence. Jennings has filed a pro se brief raising additional issues.

Upon careful review, we conclude that the district court did not err in ordering Jennings's sentence to be served consecutively to his state sentence, and that any error in referring to section 5G1.3(a) was harmless. We note that because Jennings had not been sentenced in state court, he was covered by the catch-all provision of section 5G1.3(d), which allows for a consecutive or a concurrent sentence. See 18 U.S.C. § 3584(a) (if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively); U.S.S.G. § 5G1.3(d) (in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to achieve a reasonable punishment for the instant offense); United States v. Jackson, 594 F.3d 1027, 1030 (8th Cir. 2010) (where there is clear record that district court intended to impose same sentence and took into account potential impact of specific error alleged, it is appropriate to treat alleged error as harmless).

As to Jennings's pro se arguments, we conclude that there was sufficient factual basis to support his plea, see United States v. Christenson, 653 F.3d 697, 700 (8th Cir. 2011) (challenge to factual basis is reviewed for plain error if not raised in the district court; court asks only whether there was sufficient evidence before district court upon which it may reasonably determine that defendant likely committed offense); and that his conviction on both counts did not violate double jeopardy, as the counts required proof of different elements, see United States v. Gamboa, 439 F.3d 796, 809 (8th Cir. 2006) (Double Jeopardy Clause is violated in single proceeding only where multiple punishments are imposed for same crime; no violation if each offense requires proof of element not required by other). To the extent Jennings attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm.

_____