# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1355
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Robert Beaty

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: January 28, 2026
Filed: February 4, 2026
[Unpublished]
_____

Before BENTON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Daniel Beaty appeals the below-Guidelines-range sentence the district court[1] imposed after he pled guilty to drug and firearm offenses pursuant to a plea agreement containing an appeal waiver. Having jurisdiction under 28 U.S.C.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

§ 1291, this court dismisses this appeal in part based on the appeal waiver, and otherwise affirms.

Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. Beaty has filed a pro se brief raising additional challenges to the conviction and sentence.

Initially, this court concludes that, by waiving his right to appeal the conviction, Beaty waived his right to raise challenges to the length of the traffic stop that led to his arrest and the validity of the statute of conviction. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). As to the pro se sentencing arguments—which are not covered by the appeal waiver—this court concludes that there was no error in including a 2-level increase for possessing a firearm. *See United States v. Moore*, 565 F.3d 435, 437 (8th Cir. 2009) (plain error review); *United States v. Peroceski*, 520 F.3d 886, 888–89 (8th Cir. 2008). While Beaty challenges his designation as a career offender, the presentence report noted but did not ultimately apply the enhancement.

As to his challenges to the drug quantity, the district court properly relied on testimony from an investigating officer regarding a co-defendant's proffer statements, and messages and photographs of controlled substances taken from Beaty's cell phone. *See United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994) (district court's findings on witness credibility when making drug-quantity determination are virtually unreviewable on appeal). In any event, the district court noted that it would have imposed the same sentence regardless of the drug quantity. *See United States v. Jackson*, 594 F.3d 1027, 1030 (8th Cir. 2010) (where there is clear record that district court intended to impose same sentence and took into

account potential impact of specific sentencing error alleged, it is appropriate to treat alleged error as harmless).

As to the argument in the *Anders* brief, this court concludes that the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard; discussing substantive reasonableness); *United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when the district court has varied below the Guidelines range, it is "nearly inconceivable" that the court abused its discretion in not varying further).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver. The appeal is dismissed in part, and the judgment is otherwise affirmed.

_____